# SEALED

THOMAS J. WIDOR*
ADAM M. WESOLOWSKI*
Attorneys
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Mailstop CC-10232
Washington, D.C. 20580
Ph: (202) 326-3039 (Widor)
Fax: (202) 326-3768
Email: twidor@ftc.gov; awesolowski@ftc.gov
(*Motion to admit pending)

DANIEL G. BOGDEN
United States Attorney
District of Nevada
BLAINE T. WELSH
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Ph:   (702) 388-6336
Fax: (702) 388-6787
Email: blaine.welsh@usdoj.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

```
 _____ FILED          _____ RECEIVED
 _____ ENTERED        _____ SERVED ON
                      COUNSEL/PARTIES OF RECORD

            JUN - 9 2014

        CLERK US DISTRICT COURT
          DISTRICT OF NEVADA
 BY: _____ DEPUTY
```

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | 2:14-cv-00896-GMN-VCF |
| Plaintiff, | |
| v. | **FILED UNDER SEAL** |
| PHILIP DANIELSON, LLC, *et al.* | |
| Defendants. | |

### *EX PARTE* TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

1    Plaintiff, Federal Trade Commission, pursuant to Sections 13(b) and 19 of the Federal

2  Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) and 57(b), and the 2009 Omnibus

3  Appropriations Act, Public Law 111-8, Section 626, 123 Stat. 524, 678 (Mar. 11, 2009)

4  ("Omnibus Act"), as clarified by the Credit Card Accountability Responsibility and Disclosure

5  Act of 2009, Public Law 111-24, Section 511, 123 Stat. 1734, 1763-64 (May 22, 2009) ("Credit

6  Card Act"), and amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act,

7  Public Law 111-203, Section 1097, 124 Stat. 1376, 2102-03 (July 21, 2010) ("Dodd-Frank

8  Act"), 12 U.S.C. § 5538,  has filed a Complaint for temporary, preliminary, and permanent

9  injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid,

10  disgorgement of ill-gotten monies, and other equitable relief for Defendants' acts or practices in

11  violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) and the Mortgage Assistance Relief

12  Services Rule ("MARS Rule"), 16 C.F.R. Part 322, recodified as Mortgage Assistance Relief

13  Services ("Regulation O"), 12 C.F.R. Part 1015, in connection with the marketing and sale of

14  mortgage assistance relief services, and applied for a temporary restraining order pursuant to

15  Rule 65(b) of the Federal Rules of Civil Procedure.

16                              **FINDINGS OF FACT**

17    The Court, having considered the FTC's Complaint, *ex parte* motion, declarations,

18  exhibits, and the memorandum of law in support thereof finds that:

19    1.    This Court has jurisdiction over the subject matter of this case, there is good cause

20  to believe it will have jurisdiction over all parties hereto, and venue in this district is proper;

21    2.    There is good cause to believe that Defendants Philip Danielson, LLC (d/b/a

22  Danielson Law Group, DLG Legal, and American Mortgage Center); Foundation Business

23  Solutions, LLC; emerchant, LLC (d/b/a Full Biz Solutions); Linden Financial Group, LLC;

24  Direct Results Solutions, LLC; Strata G Solutions, LLC; Acutus Law, P.C; Philip J. Danielson;

25  Tony D. Norton; Sean J. Coberly; Tanya L. Hawkins; Chad E. VanSickle; and Jennifer B.

26

27

1  Danielson have engaged in and are likely to engage in acts and practices that violate Section 5(a)
2  of the FTC Act and the MARS Rule, including but not limited to:

   a.  falsely and misleadingly representing, directly or indirectly, expressly or by
       implication, that Defendants typically will obtain mortgage loan modifications for
       consumers that will make their payments substantially more affordable or will
       help them avoid foreclosure;

   b.  falsely and misleadingly representing, directly or indirectly, expressly or by
       implication:

       i.  that Defendants are affiliated with, endorsed or approved by, or otherwise
           associated with the maker, holder, or servicer of the consumer's dwelling
           loan;

       ii. that the consumer is not obligated to, or should not, make scheduled
           periodic payments or any other payments pursuant to the terms of the
           consumer's dwelling loan;

       iii. that the consumer will receive a refund in the event Defendants do not
            deliver promised results from their mortgage assistance relief services;

       iv. that the consumer will receive legal representation; and

       v.  that as a result of a mortgage analysis report provided by Defendants,
           consumers typically will obtain a mortgage loan modification that will
           make their payments substantially more affordable or will help them avoid
           foreclosure;

   c.  Misrepresenting, expressly or by implication, any material aspect of any mortgage
       assistance relief service, in violation of the MARS Rule; 12 C.F.R. § 1015.3(b) &
       16 C.F.R. § 322.3(b);

   d.  Representing, expressly or by implication, in connection with the advertising,

marketing, promotion, offering for sale, sale or performance of any mortgage assistance relief service, that a consumer cannot or should not contact or communicate with his lender or servicer, in violation of the MARS Rule; 12 C.F.R. § 1015.3(a) & 16 C.F.R. § 322.3(a);

e.  Failing to make disclosures in all general and consumer-specific commercial communications as required by the MARS Rule; 12 C.F.R. § 1015.4(a)-(c) & 16 C.F.R. § 322.4(a)-(c); and

f.  asking for or receiving payment of any fee or other consideration until a consumer has executed a written agreement between the consumer and the consumer's loan holder or servicer incorporating the offer of mortgage assistance relief the provider obtained from the consumer's loan holder or servicer in violation of the MARS Rule.  12 C.F.R. § 1015.5(a) & 16 C.F.R. § 322.5(a).

3.      There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of Section 5(a) of the FTC Act and the MARS Rule;

4.      There is good cause to believe that Relief Defendant April D. Norton received funds or assets that can be traced directly to Defendants' unlawful acts or practices and has no legitimate claims to those funds;

5.      There is good cause to believe that immediate and irreparable damage to this Court's ability to grant effective final relief for consumers in the form of monetary restitution and disgorgement of ill-gotten gains will occur from the transfer, dissipation, or concealment by Defendants and Relief Defendant of their assets or business unless Defendants and Relief Defendant are immediately restrained and enjoined by Order of this Court; and that in accordance with Fed. R. Civ. P. 65(b), the interests of justice require that the FTC's motion be heard *ex parte* without prior notice to Defendants or Relief Defendant.  Therefore, there is good cause for relieving the FTC of the duty to provide Defendants or Relief Defendant with prior

1  notice of the FTC's motion;

2        6.     Good cause exists for permitting the FTC to take limited expedited discovery;

3        7.     Weighing the equities and considering the FTC's likelihood of ultimate success, a

4  temporary restraining order with asset freeze, limited expedited discovery as to the existence and

5  location of assets and documents, and other equitable relief is in the public interest; and

6        8.     No security is required of any agency of the United States for the issuance of a

7  Temporary Restraining Order.  Fed. R. Civ. P. 65(c).

8  **DEFINITIONS**

9  For the purposes of this Order, the following definitions shall apply:

10  A.     **"Assets"** means any legal or equitable interest in, right to, or claim to, any and all real

11        and personal property of Defendants or Relief Defendant, or held for the benefit of

12        Defendants or Relief Defendant, wherever located, whether in the United States or

13        abroad, including but not limited to chattel, goods, instruments, equipment, fixtures,

14        general intangibles, effects, leaseholds, contracts, mail or other deliveries, inventory,

15        checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform

16        Commercial Code), shares of stock, futures, and all cash and currency, and trusts,

17        including but not limited to any trust held for the benefit of any Defendant or Relief

18        Defendant, any of the Individual Defendants' minor children, or any of the Individual

19        Defendants' spouses, and shall include both existing assets and assets acquired after the

20        date of entry of this Order.

21  B.     **"Assisting others"** includes, but is not limited to:

22        1.     Performing customer service functions, including, but not limited to, receiving or

23            responding to consumer complaints;

24        2.     Formulating or providing, or arranging for the formulation or provision of, any

25            advertising or marketing material, including, but not limited to, any telephone

26

27  4

sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;

3.      Formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including but not limited to, web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

4.      Providing names of, or assisting in the generation of, potential customers;

5.      Performing marketing, billing, or payment services of any kind; and

6.      Acting or serving as an owner, officer, director, manager, or principal of any entity.

C.     **"Corporate Defendants"** means Philip Danielson, LLC (d/b/a Danielson Law Group and DLG Legal); Foundation Business Solutions, LLC; emerchant, LLC (d/b/a Full Biz Solutions); Linden Financial Group, LLC; Direct Results Solutions, LLC; Strata G Solutions, LLC; Acutus Law, P.C; and their successors, assigns, affiliates, or subsidiaries, and each of them by whatever names each might be known.

D.     **"Defendants"** means all Individual Defendants and Corporate Defendants, individually, collectively, or in any combination, and each of them by whatever names each might be known.

E.     **"Document"** and **"Electronically Stored Information"** are synonymous in meaning and equal in scope to the usage of the terms in Rule 34(a) of the Federal Rules of Civil Procedure and include but are not limited to:

1.      The original or a true copy of any written, typed, printed, electronically stored, transcribed, taped, recorded, filmed, punched, or graphic matter or other data compilations of any kind, including, but not limited to, letters, email or other correspondence, messages, memoranda, interoffice communications, notes,

reports, summaries, manuals, magnetic tapes or discs, tabulations, books, records, checks, invoices, work papers, journals, ledgers, statements, returns, reports, schedules, or files; and

2. Any electronically stored information stored on any server, Blackberrys or any type of mobile device, flash drives, personal digital assistants ("PDAs"), desktop personal computer and workstations, laptops, notebooks, and other portable computers, or other electronic storage media, whether assigned to individuals or in pools of computers available for shared use, or personally owned but used for work-related purposes; backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether stored onsite with the computer used to generate them, stored offsite in another company facility, or stored, hosted, or otherwise maintained offsite by a third-party; and computers and related offline storage used by Defendants, Relief Defendant, or Defendants' participating associates, which may include persons who are not employees of the company or who do not work on company premises.

F. **"Electronic Data Host"** means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information.

G. **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

H. **"Individual Defendants"** means Philip J. Danielson; Tony D. Norton; Sean J. Coberly; Tanya L. Hawkins; Chad E. VanSickle; Jennifer B. Danielson; and any other names by which they might be known.

I. **"Mortgage assistance relief product or service"** means any product, service, plan, or

6

program, offered or provided to the consumer in exchange for consideration, that is represented, expressly or by implication, to assist or attempt to assist the consumer with any of the following:

1. stopping, preventing, or postponing any mortgage or deed of trust foreclosure sale for the consumer's dwelling, any repossession of the consumer's dwelling, or otherwise saving the consumer's dwelling from foreclosure or repossession;

2. negotiating, obtaining, or arranging a modification of any term of a dwelling loan, including a reduction in the amount of interest, principal balance, monthly payments, or fees;

3. obtaining any forbearance or modification in the timing of payments from any dwelling loan holder or servicer on any dwelling loan;

4. negotiating, obtaining, or arranging any extension of the period of time within which the consumer may (i) cure his or her default on a dwelling loan, (ii) reinstate his or her dwelling loan, (iii) redeem a dwelling, or (iv) exercise any right to reinstate a dwelling loan or redeem a dwelling;

5. obtaining any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling; or

6. negotiating, obtaining, or arranging (i) a short sale of a dwelling, (ii) a deed-in-lieu of foreclosure, (iii) or any other disposition of a dwelling other than a sale to a third party that is not the dwelling loan holder. The foregoing shall include any manner of claimed assistance, including, but not limited to, auditing or examining a consumer's mortgage or home loan application and offering to provide or providing legal services, or offering to sell a consumer a plan or subscription to a service that provides such assistance.

J.     **"Person"** means any individual, group, unincorporated association, limited or general

7

partnership, corporation or other business entity.

K.   **"Relief Defendant"** means April D. Norton and her successors, assigns, affiliates, or subsidiaries, and each of them by whatever names each might be known.

## I.
## PROHIBITED REPRESENTATIONS

**IT IS THEREFORE ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering, for sale or sale of any mortgage assistance relief product or service, are hereby temporarily restrained and enjoined from falsely representing, or assisting others who are falsely representing, expressly or by implication, any of the following:

A.   that any Defendant or any other person typically will obtain for consumers mortgage loan modifications that will make consumers' payments substantially more affordable, or will help consumers avoid foreclosure;

B.   that any Defendant is affiliated with, endorsed or approved by, or otherwise associated with the maker, holder, or servicer of the consumer's dwelling loan;

C.   that the consumer is not obligated to, or should not, make scheduled periodic payments or any other payments pursuant to the terms of the consumer's dwelling loan;

D.   that the consumer will receive a refund in the event Defendants do not deliver promised results from their mortgage assistance relief services;

E.   that the consumer will receive legal representation; and

F.   that as a result of a mortgage analysis report provided by any Defendant, consumers typically will obtain a mortgage loan modification that will make consumers' payments

8

1   substantially more affordable or will help consumers avoid foreclosure.

2
3
## II.
## DISCLOSURES REQUIRED BY AND REPRESENTATIONS
## PROHIBITED BY THE MARS RULE

4       **IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers,

5   agents, servants, employees, and attorneys, and those persons or entities in active concert or

6   participation with any of them who receive actual notice of this Order by personal service or

7   otherwise, whether acting directly or through any corporation, subsidiary, division, or other

8   device, in connection with the telemarketing, advertising, marketing, promotion, offering for sale

9   or sale of any good or service, are hereby temporarily restrained and enjoined from engaging in,

10  or assisting others in engaging in, the following conduct:

11  A.  Misrepresenting, expressly or by implication, any material aspect of any mortgage

12      assistance relief service, in violation of 12 C.F.R. § 1015.3(b) & 16 C.F.R. § 322.3(b).

13  B.  Representing, expressly or by implication, in connection with the advertising, marketing,

14      promotion, offering for sale, sale or performance of any mortgage assistance relief

15      service, that a consumer cannot or should not contact or communicate with his lender or

16      servicer, in violation of 12 C.F.R. § 1015.3(a) & 16 C.F.R. § 322.3(a);

17  C.  Failing to make the following disclosure in all general and consumer-specific commercial

18      communications: "[Name of Company]" is not associated with the government,  and our

19      service is not approved by the government or your lender," in violation of 12 C.F.R. §

20      1015.4(a)(1), (a)(3), (b)(2), and (b))(4) & 16 C.F.R. § 322.3(a)(1), (a)(3), (b)(2), and

21      (b)(4);

22  D.  Failing to make the following disclosure in all general and consumer-specific commercial

23      communications: "Even if you accept this offer and use our service, your   lender may not

24      agree to change your loan," in violation of 12 C.F.R. § 1015.4(a)(2), (a)(3), (b)(3), and

25      (b)(4) & 16 C.F.R. § 322.4(a)(2), (a)(3), (b)(3) and (b)(4);

26
27

1   E.      Failing to make the following disclosure in all consumer-specific commercial communications: "You may stop doing business with us at any time. You may accept or reject the offer of mortgage assistance we obtain from your lender [or servicer]. If you reject the offer, you do not have to pay us. If you accept the offer, you will have to pay us [insert amount or method for calculating the amount] for our services." For the purposes of this subsection, the amount "you will have to pay" shall consist of the total amount the consumer must pay to purchase, receive, and use all of the mortgage assistance relief services that are the subject of the sales offer, including but not limited to, all fees and charges, in violation of 12 C.F.R. § 1015.4(b)(1) and (b)(4) & 16 C.F.R. § 322.4(b)(1) and (b)(4); and

F.      Failing, in all general commercial communications, consumer-specific commercial communications, and other communications in cases where any Defendant or person has represented, expressly or by implication, in connection with the advertising, marketing, promotion, offering for sale, or performance of any mortgage assistance relief service, that the consumer should temporarily or permanently discontinue payments, in whole or in part, on a dwelling loan, to place clearly and prominently, and in close proximity to any such representation the following disclosure: "If you stop paying your mortgage, you could lose your home and damage your credit rating," in violation of 12 C.F.R. § 1015.4(c) & 16 C.F.R. § 322.4(c).

### III.
### PROHIBITION AGAINST COLLECTION OF ADVANCE FEES

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or

1   otherwise, whether acting directly or through any corporation, subsidiary, division, or other

2   device, in connection with the telemarketing, advertising, marketing, promotion, offering for sale

3   or sale of any good or service, are hereby temporarily restrained and enjoined from asking for or

4   receiving payment of any fee or other consideration until a consumer has executed a written

5   agreement between the consumer and the consumer's loan holder or servicer incorporating the

6   offer of mortgage assistance relief the Defendants obtained on the consumer's behalf.

## IV.
## PRESERVATION OF RECORDS AND TANGIBLE THINGS

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers,

agents, servants, employees, and attorneys, and those persons or entities in active concert or

participation with any of them who receive actual notice of this Order by personal service or

otherwise, whether acting directly or through any corporation, subsidiary, division, or other

device, in connection with the telemarketing, advertising, marketing, promotion, offering for sale

or sale of any good or service, are hereby temporarily restrained and enjoined from destroying,

erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner,

directly or indirectly, any documents or records that relate to the business practices, or business

and personal finances, of Defendants, or an entity directly or indirectly under the control of

Defendants.

## V.
## DISABLEMENT OF WEBSITES AND PRESERVATION
## OF ELECTRONICALLY STORED INFORMATION

**IT IS FURTHER ORDERED** that, immediately upon service of the Order upon them

and pending determination of the FTC's request for a preliminary injunction, (1) any person

hosting any Internet website or server for, or on behalf of, any Defendant, and (2) Defendants

and their successors, assigns, officers, agents, servants, employees, and attorneys, and those

persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, shall:

A.   Immediately take any necessary steps to ensure that any Internet website used by Defendants for the advertising, marketing, promotion, offering for sale, sale, or provision of any mortgage assistance relief service, and containing statements or representations prohibited by Section I of this Order cannot be accessed by the public; and

B.   Prevent the alteration, destruction or erasure of any (1) Internet website used by Defendants for the advertising, marketing, promotion, offering for sale, sale, or provision of any mortgage assistance relief service, by preserving such websites in the format in which they are maintained currently and (2) any electronically stored information stored on behalf of Corporate Defendants or entities in active concert or participation with any of them.

## VI.
## SUSPENSION OF INTERNET DOMAIN NAME REGISTRATIONS

**IT IS FURTHER ORDERED** that, pending determination of the FTC's request for a preliminary injunction, any domain name registrar shall suspend the registration of any Internet website used by Defendants for the advertising, marketing, promotion, offering for sale, sale, or provision of any mortgage assistance relief service, and containing statements or representations prohibited by Section I of this Order and provide immediate notice to counsel for the FTC of any other Internet domain names registered by Defendants or their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise.

## VII.

## ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants and Relief Defendant April D. Norton, and their officers, agents, servants, employees, and attorneys, and all persons or entities directly or indirectly under the control of any of them, including any financial institution, and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile, email, or otherwise, each are hereby temporarily restrained and enjoined from directly or indirectly:

A.   Selling, liquidating, assigning, transferring, converting, loaning, hypothecating, disbursing, gifting, conveying, encumbering, pledging, concealing, dissipating, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, contracts, consumer lists or other assets or any interest therein, wherever located, including any assets outside the territorial United States that are:

1.   in the actual or constructive possession of any Defendant or Relief Defendant;

2.   owned or controlled by, or held, in whole or in part for the benefit of, or subject to access by, or belonging to, any Defendant or Relief Defendant; or

3.   in the actual or constructive possession of, or owned or controlled by, or subject to access by, or belonging to, any corporation, partnership, trust or other entity directly or indirectly owned, managed, or under the control of any Defendant or Relief Defendant;

B.   Opening, or causing to be opened, any safe deposit boxes titled in the name of or subject to access by any Defendant or Relief Defendant;

C.   Incurring charges on any credit card, stored value card, debit card, or charge card issued in the name, singly or jointly, of any Defendant or Relief Defendant or any other entity directly or indirectly owned, managed, or controlled by any Defendant or Relief

1    Defendant;

2    D.    Obtaining a personal or secured loan;

3    E.    Cashing any checks from consumers, clients, or customers of any Defendant;

4    F.    Transferring any funds or other assets subject to this Order for attorneys' fees or living

5          expenses, except from accounts or other assets identified by prior written notice to the

6          FTC; *provided that* no attorneys' fees or living expenses, other than those set forth in

7          Subsection G of this Section VII, and only in accordance with the procedures set forth in

8          Subsection G of this Section VII, shall be paid from funds or other assets subject to this

9          Order until the financial statements required by Section IX are provided to counsel for the

10         FTC;

11   G.    Notwithstanding the above, following the submission of all of the financial statements

12         required by Section IX, any Individual Defendant may make a one-time-only payment of

13         up to $1,000 from his personal funds for necessary living expenses and/or attorneys' fees.

14         No such expense, however, shall be paid from funds subject to this Order except from

15         cash on the person of any Individual Defendant, or from an account designated by prior

16         written notice to counsel for the FTC;

17   H.    Failing to disclose to the FTC, immediately upon service of this Order, information that

18         fully identifies each asset of the Defendants or Relief Defendant, and each entity holding

19         such asset, including, without limitation, the entity's name, address, and telephone

20         number, the number of the account, and the name under which the account is held.

21         **IT IS FURTHER ORDERED** that the funds, property, and assets affected by this

22   Section VII shall include: (a) all assets of each Defendant and Relief Defendant as of the time

23   this Order is entered, (b) all assets held or controlled by Relief Defendant as of the time this

24   Order is entered and (c) those assets obtained or received after entry of this Order that are

25   derived from the actions alleged in Plaintiff's Complaint.  This Section VII does not prohibit the

26

27
                                          14

Repatriation of Foreign Assets, as specifically required in Section XI of this Order.

## VIII.
## RETENTION OF ASSETS AND DOCUMENTS BY THIRD PARTIES

**IT IS FURTHER ORDERED** that, pending determination of the FTC's request for a preliminary injunction, any financial or brokerage institution, business entity, electronic data host, or person served with a copy of this Order that holds, controls, or maintains custody of any account, document, electronically stored information, or asset of, on behalf of, in the name of, for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of any Defendant or Relief Defendant, or other party subject to Section VII above, or has held, controlled, or maintained any such account, document, electronically stored information, or asset, shall:

A.  Hold, preserve, and retain within such entity's or person's control, and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of such account, document, electronically stored information, or asset held by or under such entity's or person's control, except as directed by further order of the Court;

B.  Provide the FTC and the FTC's agents immediate access to electronically stored information stored, hosted, or otherwise maintained on behalf of Defendants or Relief Defendant for forensic imaging;

C.  Deny access to any safe deposit boxes that are either titled in the name, individually or jointly, or subject to access by, any Defendant, Relief Defendant, or other party subject to Section VII above; and

D.  Provide to counsel for the FTC, within one (1) business day, a sworn statement setting forth:

15

1.      the identification of each account or asset titled in the name, individually or jointly, or held on behalf of or for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of any Defendant, Relief Defendant, or other party subject to Section VII above, whether in whole or in part;

2.      the balance of each such account, or a description of the nature and value of such asset, as of the close of business on the day on which this Order is served;

3.      the identification of any safe deposit box that is either titled in the name of, individually or jointly, or is otherwise subject to access or control by, any Defendant or Relief Defendant, or other party subject to Section VII above, whether in whole or in part; and

4.      if the account, safe deposit box, or other asset has been closed or removed, the date closed or removed, the balance on said date, and the name or the person or entity to whom such account or other asset was remitted;

E.      Provide counsel for the FTC, within three (3) business days after being served with a request, copies of all documents pertaining to such account or asset, including but not limited to:  account statements, account applications, signature cards, checks, deposit tickets, transfers to and from the accounts, wire transfers, all other debit and credit instruments or slips, 1099 forms, and safe deposit box logs; and

F.      Cooperate with all reasonable requests of the FTC relating to this Order's implementation.

**IT IS FURTHER ORDERED** that the accounts subject to this provision include (a) all

16

assets of each Defendant or Relief Defendant deposited as of the time this Order is entered, and (b) those assets deposited after entry of this Order that are derived from the actions alleged in Plaintiff's Complaint. This Section VIII does not prohibit the Repatriation of Foreign Assets, as specifically required in Section XI of this Order.

**IT IS FURTHER ORDERED** that, in addition to the information and documents required to be produced pursuant to Subsections VIII.D, VIII.E, and Section VII, the FTC is granted leave, pursuant to Fed. R. Civ. P. 45, to subpoena documents immediately from any financial or brokerage institution, business entity, electronic data host, or person served with a copy of this Order that holds, controls, or maintains custody of any account, document, electronically stored information, or asset of, on behalf of, in the name of, for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of any Defendant, Relief Defendant, or other party subject to Section VII above, or has held, controlled, or maintained any such account, document, electronically stored information, or asset, and such financial or brokerage institution, business entity, electronic data host or person shall respond to such subpoena within three (3) business days after service.

## IX.
## FINANCIAL STATEMENTS AND ACCOUNTING

**IT IS FURTHER ORDERED** that each Defendant or Relief Defendant, within three (3) business days of service of this Order, shall prepare and deliver to counsel for the FTC:

A.  For Individual Defendants and Relief Defendant, a completed financial statement accurate as of the date of service of this Order upon such Defendant in the form of Attachment A to this Order captioned "Financial Statement of Individual Defendant."

B.  For Corporate Defendants, a completed financial statement accurate as of the date of

1    service of this Order upon such Defendant (unless otherwise agreed upon with FTC

2    counsel) in the form of Attachment B to this Order captioned "Financial Statement of

3    Corporate Defendant."

4  C.  For each Defendant and Relief Defendant, a completed statement, verified under oath, of

5    all payments, transfers or assignments of funds, assets, or property worth more than

6    $2,500 in funds or other assets during the previous three years by loan, gift, sale or other

7    transfer.  For each person to whom a transfer has been made, state the total amount

8    transferred during that period.  Such statement shall include: (a) the transferee's name,

9    address and relationship; (b) the property transferred; (c) the aggregate value; and (d) the

10   transfer date; and (e) the type of transfer.

11 D.  Corporate Defendants shall state their: (1) total gross sales revenues for 2011, 2012,

12   2013, and 2014 to date; (2) their total gross expenses for 2011, 2012, 2013, and 2014 to

13   date; (3) their gross operating expenditures on a monthly basis per category for 2011,

14   2012, 2013, and 2014 to date, including but not limited to payroll, advertising, marketing,

15   utilities, and property leases; and (4) their gross capital expenditures for 2011, 2012,

16   2013, and 2014 to date.

17 E.  Corporate Defendants shall provide a list of all of their officers, directors, and trustees,

18   and all other individuals or entities with authority to direct the operations of any

19   Corporate Defendant or withdraw money from the account of any Corporate Defendant.

## X.
## CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair Credit

Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish to the FTC a

consumer report concerning any Defendant or Relief Defendant.

## XI.

## REPATRIATION OF FOREIGN ASSETS

**IT IS FURTHER ORDERED** that, within five (5) business days following the service of this Order, each Defendant and Relief Defendant shall:

A.   Provide counsel for the FTC with a full accounting of all assets, accounts, funds, and documents outside of the territory of the United States that are held either:  (1) by Defendants or Relief Defendant; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect control, individually or jointly;

B.   Transfer to the territory of the United States all assets, accounts, funds, and documents in foreign countries held either: (1) by them; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect control, individually or jointly;

C.   All repatriated assets, accounts, funds, and documents are subject to Section VII of this Order; and

D.   Provide the FTC access to all records of accounts or assets of the Defendants and Relief Defendant held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order as Attachment C.

## XII.
## NONINTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants and Relief Defendant are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, that may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by the preceding Section XI of this Order, including, but not limited to:

A.   Sending any statement, letter, fax, email or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all assets have been fully repatriated pursuant to Section

XI of this Order; or

B.     Notifying any trustee, protector, or other agent of any foreign trust or other related

entities of either the existence of this Order, or of the fact that repatriation is required

pursuant to a court order, until such time that all assets have been fully repatriated

pursuant to Section XI of this Order.

## XIII.
## PROHIBITION ON RELEASE OF CONSUMER INFORMATION

**IT IS FURTHER ORDERED** that, except as required by a law enforcement agency,

law, regulation or court order, Defendants, and their officers, agents, servants, employees, and

attorneys, and all other persons in active concert or participation with any of them who receive

actual notice of this Order by personal service or otherwise, are temporarily restrained and

enjoined from disclosing, using, or benefitting from consumer information, including the name,

address, telephone number, email address, social security number, other identifying information,

or any data that enables access to a consumer's account (including a credit card, bank account, or

other financial account), of any person which any Defendant obtained prior to entry of this Order

in connection with any mortgage assistance relief product or service.

## XIV.
## LIMITED EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that the FTC is granted leave to conduct certain

expedited discovery, and that, commencing with the time and date of this Order, in lieu of the

time periods, notice provisions, and other requirements of Rules 26, 30, 34, and 45 of the Federal

Rules of Civil Procedure, and applicable Local Rules, the FTC is granted leave to:

A.     Take the deposition, on three (3) days' notice, of any person or entity, whether or not a

party, for the purpose of discovering:  (1) the nature, location, status, and extent of assets

of Defendants, Relief Defendant, or their affiliates or subsidiaries; (2) the nature and

location of documents and business records of Defendants, Relief Defendant, or their affiliates or subsidiaries; and (3) compliance with this Order. The limitations and conditions set forth in Fed. R. Civ. P. 30(a)(2)(B) and 31(a)(2)(B) regarding subsequent depositions shall not apply to depositions taken pursuant to this Section. In addition, any such depositions taken pursuant to this Section shall not be counted toward the ten deposition limit set forth in Fed. R. Civ. P. 30(a)(2)(A)(i) and 31(a)(2)(A)(i) and shall not preclude the FTC from subsequently deposing the same person or entity in accordance with the Federal Rules of Civil Procedure. Service of discovery upon a party, taken pursuant to this Section, shall be sufficient if made by facsimile, email or by overnight delivery. Any deposition taken pursuant to this sub-section that has not been reviewed and signed by the deponent may be used by any party for purposes of the preliminary injunction hearing;

B.  Serve upon parties requests for production of documents or inspection that require production or inspection within three (3) calendar days of service, and may serve subpoenas upon non-parties that direct production or inspection within five (5) calendar days of service, for the purpose of discovering: (1) the nature, location, status, and extent of assets of Defendants, Relief Defendant, or their affiliates or subsidiaries; (2) the nature and location of documents and business records of Defendants, Relief Defendant, or their affiliates or subsidiaries; and (3) compliance with this Order, *provided that* twenty-four (24) hours' notice shall be deemed sufficient for the production of any such documents that are maintained or stored only as electronic data;

C.  Serve deposition notices and other discovery requests upon the parties to this action by facsimile, email or overnight courier, and take depositions by telephone or other remote electronic means; and

D.  If a Defendant or Relief Defendant fails to appear for a properly noticed deposition or

21

1   fails to comply with a request for production or inspection, seek to prohibit that

2   Defendant or Relief Defendant from introducing evidence at any subsequent hearing.

**XV.**
**SERVICE OF PLEADINGS, EVIDENCE, WITNESS LISTS**

5   **IT IS FURTHER ORDERED** that:

6   A.   Defendants and Relief Defendant shall file any answering affidavits, pleadings, or legal

7       memoranda with the Court and serve the same on counsel for the FTC no later than five

8       (5) business days prior to the preliminary injunction hearing in this matter. The FTC may

9       file responsive or supplemental pleadings, materials, affidavits, or memoranda with the

10      Court and serve the same on counsel for Defendants and Relief Defendant no later than

11      one (1) business day prior to the preliminary injunction hearing in this matter. *Provided*

12      *that* service shall be performed by personal or overnight delivery, facsimile, or email, and

13      documents shall be delivered so that they shall be received by the other parties no later

14      than 4 p.m. on the appropriate dates listed in this Subsection;

15  B.   The question of whether this Court should enter a preliminary injunction pursuant to Rule

16      65 of the Federal Rules of Civil Procedure enjoining the Defendants and Relief

17      Defendant during the pendency of this action shall be resolved on the pleadings,

18      declarations, exhibits, and memoranda filed by, and oral argument of, the parties. Live

19      testimony shall be heard only on further order of this Court on motion filed with the

20      Court and served on counsel for the other parties at least five (5) business days prior to

21      the preliminary injunction hearing in this matter. Such motion shall set forth the name,

22      address, and telephone number of each proposed witness, a detailed summary or affidavit

23      disclosing the substance of each proposed witness' expected testimony, and an

24      explanation of why the taking of live testimony would be helpful to this Court. Any

25      papers opposing a timely motion to present live testimony or to present live testimony in

1   response to live testimony to be presented by another party shall be filed with this Court

2   and served on the other parties at least three (3) business days prior to the preliminary

3   injunction hearing in this matter. *Provided that* service shall be performed by personal or

4   overnight delivery or by facsimile or email, and documents shall be delivered so that they

5   shall be received by the other parties no later than 4 p.m. on the appropriate dates listed in

6   this Subsection; and

7   C.   Pursuant to Fed. R. Civ. P. 4(f)(3), the FTC may serve this Order and all related

8   documents on any Defendant by private international courier.

## XVI.
## MONITORING

**IT IS FURTHER ORDERED** that agents or representatives of the FTC may contact Defendants directly or anonymously for the purpose of monitoring compliance with this Order, and may record or preserve any communications that occur in the course of such contacts.

## XVII.
## DEFENDANTS' DUTY TO DISTRIBUTE ORDER

**IT IS FURTHER ORDERED** that Defendants and Relief Defendant shall immediately provide a copy of this Order to each affiliate, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, client company, electronic data host, agent, attorney, spouse, and representative of Defendants and Relief Defendant and shall, within three (3) calendar days from the date of entry of this Order, provide counsel for the FTC with a sworn statement that: (a) confirms that Defendants and Relief Defendant have provided copies of the Order as required by this Section and (b) lists the names and addresses of each entity or person to whom Defendants and Relief Defendant provided a copy of the Order.  Furthermore, Defendants and Relief Defendant shall not take any action that would encourage officers, agents, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors,

assigns, or other persons or entities in active concert or participation with Defendants and Relief

Defendant to disregard this Order or believe that they are not bound by its provisions.

### XIII.
### DURATION OF TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein

shall expire on the ___7th___ day of _____July_____, 2014, at _5_ o'clock p.m.,

unless within such time, the Order, for good cause shown, is extended with the consent of the

parties, or for an additional period not to exceed fourteen (14) calendar days, or unless it is

further extended pursuant to Federal Rule of Civil Procedure 65.

### XIV.
### ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 65(b),

each of the Defendants and Relief Defendant shall appear before this Court on the ___7th___ day of

_____July_____, 2014, at ___10:00___ o'clock _a_.m., to show cause, if there is any, why this

Court should not enter a preliminary injunction enjoining the violations of law alleged in the

FTC's Complaint, continuing the freeze of their assets, and imposing such additional relief as

may be appropriate.

### XV.
### CORRESPONDENCE WITH PLAINTIFF

**IT IS FURTHER ORDERED** that, for the purposes of this Order, because mail

addressed to the FTC is subject to delay due to heightened security screening, all correspondence

and service of pleadings on Plaintiff shall be sent either via email, facsimile, or courier such as

Federal Express to:

Thomas J. Widor, Esq.
Federal Trade Commission
600 Pennsylvania Ave., NW
Mail Stop CC-10232

24

Washington, DC 20580
twidor@ftc.gov
(202) 326-3039
(202) 326-3768 (facsimile)

## XVI.
### SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile, email, personal or overnight delivery, or U.S. Mail, by agents and employees of the FTC or any state or federal law enforcement agency or by private process server, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any Defendant or Relief Defendant, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

## XVII.
### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED** this 23rd day of June, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court

# ATTACHMENT A

## FEDERAL TRADE COMMISSION

## FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT

**Definitions and Instructions:**

1. Complete all items. Enter "None" or "N/A" ("Not Applicable") in the first field only of any item that does not apply to you. If you cannot fully answer a question, explain why.

2. "Dependents" include your spouse, live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3. "Assets" and "Liabilities" include ALL assets and liabilities, located within the United States or any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

4. Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number(s) being continued.

5. Type or print legibly.

6. Initial each page in the space provided in the lower right corner.

7. Sign and date the completed financial statement on the last page.

**Penalty for False Information:**

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or devise a material fact; makes any materially false, fictitious or fraudulent statement or representation; or makes or uses any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any ( . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration" (18 U.S.C. § 1623).

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

## Item 1. Information About You

| Full Name | Social Security No. | |
|---|---|---|

| Current Address of Primary Residence | Driver's License No. | State Issued |
|---|---|---|

| | Phone Numbers<br>Home: (    ) | Date of Birth:    /    /<br>(mm/dd/yyyy) |
|---|---|---|
| | Fax:     (    ) | Place of Birth |

| ☐ Rent ☐ Own     From (Date):    /    /<br>(mm/dd/yyyy) | E-Mail Address |
|---|---|

| Internet Home Page |
|---|

### Previous Addresses for past five years (if required, use additional pages at end of form)

| Address | From:    /    /<br>(mm/dd/yyyy)    Until:    /    /<br>(mm/dd/yyyy)<br><br>☐ Rent ☐ Own |
|---|---|

| Address | From:    /    /    Until:    /    /<br><br>☐ Rent ☐ Own |
|---|---|

| Address | From:    /    /    Until:    /    /<br><br>☐ Rent ☐ Own |
|---|---|

| Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used: |
|---|

## Item 2. Information About Your Spouse or Live-In Companion

| Spouse/Companion's Name | Social Security No. | Date of Birth<br>  /    /<br>(mm/dd/yyyy) |
|---|---|---|

| Address (if different from yours) | Phone Number<br>(    ) | Place of Birth |
|---|---|---|
| | ☐ Rent ☐ Own     From (Date):    /    /<br>(mm/dd/yyyy) | |

| Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used: |
|---|

| Employer's Name and Address | Job Title | |
|---|---|---|
| | Years in Present Job | Annual Gross Salary/Wages<br>$ |

## Item 3. Information About Your Previous Spouse

| Name and Address | Social Security No. |
|---|---|
| | Date of Birth<br>  /    /<br>(mm/dd/yyyy) |

## Item 4. Contact Information (name and address of closest living relative other than your spouse)

| Name and Address | Phone Number<br>(    ) |
|---|---|

Initials: _____

## Item 5.  Information About Dependents (whether or not they reside with you)

| Name and Address | Social Security No. <br> /    / <br> (mm/dd/yyyy) | Date of Birth <br> /    / <br> (mm/dd/yyyy) |
|---|---|---|
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth <br> /    / <br> (mm/dd/yyyy) |
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth <br> /    / <br> (mm/dd/yyyy) |
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth <br> /    / <br> (mm/dd/yyyy) |
| | Relationship | |

## Item 6.  Employment Information/Employment Income

Provide the following information for this year-to-date and for each of the previous five full years, for each business entity of which you were a director, officer, member, partner, employee (including self-employment), agent, owner, shareholder, contractor, participant or consultant at any time during that period.  "Income" includes, but is not limited to, any salary, commissions, distributions, draws, consulting fees, loans, loan payments, dividends, royalties, and benefits for which you did not pay (e.g., health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
|---|---|---|---|---|
| | From (Month/Year) <br> / | To (Month/Year) <br> / | Year <br><br> 20 | Income <br> $ <br> $ |
| Ownership Interest?  ☐ Yes ☐ No | | | | |
| Positions Held | From (Month/Year) | To (Month/Year) | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |
| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
| | From (Month/Year) <br> / | To (Month/Year) <br> / | Year <br><br> 20 | Income <br> $ <br> $ |
| Ownership Interest?  ☐ Yes ☐ No | | | | |
| Positions Held | From (Month/Year) | To (Month/Year) | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |
| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
| | From (Month/Year) <br> / | To (Month/Year) <br> / | Year <br><br> 20 | Income <br> $ <br> $ |
| Ownership Interest?  ☐ Yes ☐ No | | | | |
| Positions Held | From (Month/Year) | To (Month/Year) | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |

Initials: _____

## Item 7.  Pending Lawsuits Filed By or Against You or Your Spouse

List all pending lawsuits that have been filed by or against you or your spouse in any court or before an administrative agency in the United States or in any foreign country or territory.  *Note:  At Item 12, list lawsuits that resulted in final judgments or settlements in your favor.  At Item 21, list lawsuits that resulted in final judgments or settlements against you.*

| Caption of Proceeding | Court or Agency and Location | Case No. | Nature of Proceeding | Relief Requested | Status or Disposition |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## Item 8.  Safe Deposit Boxes

List all safe deposit boxes, located within the United States or in any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents.

| Name of Owner(s) | Name & Address of Depository Institution | Box No. | Contents |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

Initials: _____

## ASSETS

### Item 9. Cash, Bank, and Money Market Accounts

List cash on hand (as opposed to cash in bank accounts or other financial accounts) and all bank accounts, money market accounts, or other financial accounts, including but not limited to checking accounts, savings accounts, and certificates of deposit.  The term "cash on hand" includes but is not limited to cash in the form of currency, uncashed checks, and money orders.

| a.  Amount of Cash on Hand  $ | | Form of Cash on Hand | | |
|---|---|---|---|---|
| b.  Name on Account | Name & Address of Financial Institution | | Account No. | Current Balance |
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |

### Item 10.  Publicly Traded Securities

List all publicly traded securities, including but not limited to, stocks, stock options, corporate bonds, mutual funds, U.S. government securities (including but not limited to treasury bills and treasury notes), and state and municipal bonds.  Also list any U.S. savings bonds.

| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
|---|---|---|---|---|
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value<br>$ | Loan(s) Against Security<br>$ | |
| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value<br>$ | Loan(s) Against Security<br>$ | |
| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value<br>$ | Loan(s) Against Security<br>$ | |

Initials: _____

## Item 11.  Non-Public Business and Financial Interests

List all non-public business and financial interests, including but not limited to any interest in a non-public corporation, subchapter-S corporation, limited liability corporation ("LLC"), general or limited partnership, joint venture, sole proprietorship, international business corporation or personal investment corporation, and oil or mineral lease.

| Entity's Name & Address | Type of Business or Financial Interest (e.g., LLC, partnership) | Owner (e.g., self, spouse) | Ownership % | If Officer, Director, Member or Partner, Exact Title |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

## Item 12.  Amounts Owed to You, Your Spouse, or Your Dependents

| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
|---|---|---|---|
|  | Current Amount Owed $ | Payment Schedule $ |  |
| Debtor's Telephone | Debtor's Relationship to You |  |  |
| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
|  | Current Amount Owed $ | Payment Schedule $ |  |
| Debtor's Telephone | Debtor's Relationship to You |  |  |

## Item 13.  Life Insurance Policies

List all life insurance policies (including endowment policies) with any cash surrender value.

| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
|---|---|---|---|
|  | Insured | Loans Against Policy $ | Surrender Value $ |
| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
|  | Insured | Loans Against Policy $ | Surrender Value $ |

## Item 14.  Deferred Income Arrangements

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, other retirement accounts, and college savings plans (e.g., 529 Plans).

| Trustee or Administrator's Name, Address & Telephone No. | Name on Account | | Account No. | |
|---|---|---|---|---|
|  | Date Established / / (mm/dd/yyyy) | Type of Plan | Surrender Value before Taxes and Penalties $ | |
| Trustee or Administrator's Name, Address & Telephone No. | Name on Account | | Account No. | |
|  | Date Established / / | Type of Plan | Surrender Value before Taxes and Penalties $ | |

Initials: _____

## Item 15.  Pending Insurance Payments or Inheritances
List any pending insurance payments or inheritances owed to you.

| Type | Amount Expected | Date Expected  (mm/dd/yyyy) |
|------|-----------------|------------------------------|
|      | $               | /   /                        |
|      | $               | /   /                        |
|      | $               | /   /                        |

## Item 16.  Vehicles
List all cars, trucks, motorcycles, boats, airplanes, and other vehicles.

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|--------------|------|-------------------------|------------------|------------------------|-------------------|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|--------------|------|-------------------------|------------------|------------------------|-------------------|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|--------------|------|-------------------------|------------------|------------------------|-------------------|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|--------------|------|-------------------------|------------------|------------------------|-------------------|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

## Item 17.  Other Personal Property
List all other personal property not listed in items 9-16 by category, whether held for personal use, investment or any other reason, including but not limited to coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property.

| Property  Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---------------------------------------------|---------------|-------------------|------------------|---------------|
|  |  |  | $ | $ |
|  |  |  | $ | $ |
|  |  |  | $ | $ |

Initials: _____

## Item 18. Real Property
List all real property interests (including any land contract)

| Property's Location | Type of Property | Name(s) on Title or Contract and Ownership Percentages | |
|---|---|---|---|

| Acquisition Date (mm/dd/yyyy) | Purchase Price | Current Value | Basis of Valuation |
|---|---|---|---|
| /   / | $ | $ | |

| Lender's Name and Address | Loan or Account No. | Current Balance On First Mortgage or Contract |
|---|---|---|
| | | $ |
| | | Monthly Payment |
| | | $ |

| Other Mortgage Loan(s) (describe) | Monthly Payment | ☐ Rental Unit |
|---|---|---|
| | $ | |
| | Current Balance | Monthly Rent Received |
| | $ | $ |

| Property's Location | Type of Property | Name(s) on Title or Contract and Ownership Percentages | |
|---|---|---|---|

| Acquisition Date (mm/dd/yyyy) | Purchase Price | Current Value | Basis of Valuation |
|---|---|---|---|
| /   / | $ | $ | |

| Lender's Name and Address | Loan or Account No. | Current Balance On First Mortgage or Contract |
|---|---|---|
| | | $ |
| | | Monthly Payment |
| | | $ |

| Other Mortgage Loan(s) (describe) | Monthly Payment | ☐ Rental Unit |
|---|---|---|
| | $ | |
| | Current Balance | Monthly Rent Received |
| | $ | $ |

## LIABILITIES

## Item 19. Credit Cards
List each credit card account held by you, your spouse, or your dependents, and any other credit cards that you, your spouse, or your dependents use, whether issued by a United States or foreign financial institution.

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

## Item 20. Taxes Payable
List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependents.

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |

Initials: _____

### Item 21. Other Amounts Owed by You, Your Spouse, or Your Dependents
List all other amounts, not listed elsewhere in this financial statement, owed by you, your spouse, or your dependents.

| Lender/Creditor's Name, Address, and Telephone No. | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) | | |
|---|---|---|---|
| | Lender/Creditor's Relationship to You | | |

| Date Liability Was Incurred<br>/    /<br>(mm/dd/yyyy) | Original Amount Owed<br>$ | Current Amount Owed<br>$ | Payment Schedule |
|---|---|---|---|

| Lender/Creditor's Name, Address, and Telephone No. | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) | | |
|---|---|---|---|
| | Lender/Creditor's Relationship to You | | |

| Date Liability Was Incurred<br>/    /<br>(mm/dd/yyyy) | Original Amount Owed<br>$ | Current Amount Owed<br>$ | Payment Schedule |
|---|---|---|---|

## OTHER FINANCIAL INFORMATION

### Item 22. Trusts and Escrows
List all funds and other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents.  Include any legal retainers being held on your behalf by legal counsel.  Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity.

| Trustee or Escrow Agent's Name & Address | Date Established (mm/dd/yyyy) | Grantor | Beneficiaries | Present Market Value of Assets* |
|---|---|---|---|---|
| | /    / | | | $ |
| | /    / | | | $ |
| | /    / | | | $ |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

### Item 23. Transfers of Assets
List each person or entity to whom you have transferred, in the aggregate, more than $5,000 in funds or other assets during the previous five years by loan, gift, sale, or other transfer (exclude ordinary and necessary living and business expenses paid to unrelated third parties).  For each such person or entity, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value* | Transfer Date (mm/dd/yyyy) | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| | | $ | /    / | |
| | | $ | /    / | |
| | | $ | /    / | |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

Initials: _____

## Item 24.  Document Requests
Provide copies of the following documents with your completed Financial Statement.

| | |
|---|---|
| | Federal tax returns filed during the last three years by or on behalf of you, your spouse, or your dependents. |
| | All applications for bank loans or other extensions of credit (other than credit cards) that you, your spouse, or your dependents have submitted within the last two years, including by obtaining copies from lenders if necessary. |
| Item 9 | For each bank account listed in Item 9, all account statements for the past 3 years. |
| Item 11 | For each business entity listed in Item 11, provide (including by causing to be generated from accounting records) the most recent balance sheet, tax return, annual income statement, the most recent year-to-date income statement, and all general ledger files from account records. |
| Item 17 | All appraisals that have been prepared for any property listed in Item 17, including appraisals done for insurance purposes.  You may exclude any category of property where the total appraised value of all property in that category is less than $2,000. |
| Item 18 | All appraisals that have been prepared for real property listed in Item 18. |
| Item 21 | Documentation for all debts listed in Item 21. |
| Item 22 | All executed documents for any trust or escrow listed in Item 22.  Also provide any appraisals, including insurance appraisals that have been done for any assets held by any such trust or in any such escrow. |

## Item 25.  Combined Balance Sheet for You, Your Spouse, and Your Dependents

| Assets | | Liabilities | |
|---|---|---|---|
| Cash on Hand (Item 9) | $ | Loans Against Publicly Traded Securities (Item 10) | $ |
| Funds Held in Financial Institutions (Item 9) | $ | Vehicles - Liens (Item 16) | $ |
| U.S. Government Securities (Item 10) | $ | Real Property – Encumbrances (Item 18) | $ |
| Publicly Traded Securities (Item 10) | $ | Credit Cards (Item 19) | $ |
| Non-Public Business and Financial Interests (Item 11) | $ | Taxes Payable (Item 20) | $ |
| Amounts Owed to You (Item 12) | $ | Amounts Owed by You (Item 21) | $ |
| Life Insurance Policies (Item 13) | $ | **Other Liabilities (Itemize)** | |
| Deferred Income Arrangements (Item 14) | $ | | $ |
| Vehicles (Item 16) | $ | | $ |
| Other Personal Property (Item 17) | $ | | $ |
| Real Property (Item 18) | $ | | $ |
| **Other Assets (Itemize)** | | | $ |
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| **Total Assets** | | **Total Liabilities** | |

## Item 26.  Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents
Provide the current monthly income and expenses for you, your spouse, and your dependents.  Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| Income (State source of each item) | | Expenses | |
|---|---|---|---|
| Salary - After Taxes<br>Source: | $ | Mortgage or Rental Payments for Residence(s) | $ |
| Fees, Commissions, and Royalties<br>Source: | $ | Property Taxes for Residence(s) | $ |
| Interest<br>Source: | $ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $ |
| Dividends and Capital Gains<br>Source: | $ | Car or Other Vehicle Lease or Loan Payments | $ |
| Gross Rental Income<br>Source: | $ | Food Expenses | $ |
| Profits from Sole Proprietorships<br>Source: | $ | Clothing Expenses | $ |
| Distributions from Partnerships, S-Corporations, and LLCs<br>Source: | $ | Utilities | $ |

Initials: _____

| | | | |
|---|---|---|---|
| Distributions from Trusts and Estates Source: | $ | Medical Expenses, Including Insurance | $ |
| Distributions from Deferred Income Arrangements Source: | $ | Other Insurance Premiums | $ |
| Social Security Payments | $ | Other Transportation Expenses | $ |
| Alimony/Child Support Received | $ | **Other Expenses (Itemize)** | |
| Gambling Income | $ | | $ |
| **Other Income (Itemize)** | | | $ |
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| **Total Income** | $ | **Total Expenses** | $ |

## Item 27.  Documents Attached to this Financial Statement

List all documents that are being submitted with this financial statement.  For any Item 24 documents that are not attached, explain why.

| Item No. Document Relates To | Description of Document |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |

I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court.  I have used my best efforts to obtain the information requested in this statement.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines).  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____
(Date)

_____
Signature

# ATTACHMENT B

**FEDERAL TRADE COMMISSION**

**FINANCIAL STATEMENT OF CORPORATE DEFENDANT**

**Instructions**:

1.     Complete all items.  Enter "None" or "N/A" ("Not Applicable") where appropriate.  If you cannot fully answer a question, explain why.

2.     The font size within each field will adjust automatically as you type to accommodate longer responses.

3.     In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors that are not named defendants in this action.

4.     When an Item asks for information about assets or liabilities "held by the corporation," include <u>ALL</u> such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.

5.     Attach continuation pages as needed.  On the financial statement, state next to the Item number that the Item is being continued.  On the continuation page(s), identify the Item number being continued.

6.     Type or print legibly.

7.     An officer of the corporation must sign and date the completed financial statement on the last page and initial each page in the space provided in the lower right corner.

**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

# BACKGROUND INFORMATION

## Item 1.        General Information

Corporation's Full Name _____

Primary Business Address _____ From (Date) _____

Telephone No. _____ Fax No. _____

 E-Mail Address_____ Internet Home Page_____

All other current addresses & previous addresses for past five years, including post office boxes and mail drops:

Address_____ From/Until_____

Address_____ From/Until_____ _____

Address_____ From/Until_____

All predecessor companies for past five years:

Name & Address _____ _____ From/Until _____

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

## Item 2.        Legal Information

Federal Taxpayer ID No. _____ State & Date of Incorporation _____

State Tax ID No. _____ State _____ Profit or Not For Profit _____

Corporation's Present Status:  Active _____ Inactive _____ Dissolved _____

If Dissolved:  Date dissolved _____ By Whom _____

Reasons _____

Fiscal Year-End (Mo./Day) _____ Corporation's Business Activities _____

## Item 3.        Registered Agent

Name of Registered Agent _____

Address _____ Telephone No. _____

Initials _____

**Item 4.**        **Principal Stockholders**

List all persons and entities that own at least 5% of the corporation's stock.

Name & Address                                                    % Owned

_____   _____

_____   _____

_____   _____

_____   _____

**Item 5.**        **Board Members**

List all members of the corporation's Board of Directors.

Name & Address                                  % Owned    Term (From/Until)

_____   _____   _____

_____   _____   _____

_____   _____   _____

_____   _____   _____

_____   _____   _____

**Item 6.**        **Officers**

List all of the corporation's officers, including *de facto* officers (individuals with significant management responsibility whose titles do not reflect the nature of their positions).

Name & Address                                                    % Owned

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____

Initials _____

**Item 7.**        **Businesses Related to the Corporation**

List all corporations, partnerships, and other business entities in which this corporation has an ownership interest.

| Name & Address | Business Activities | % Owned |
| --- | --- | --- |
| | | |
| | | |
| | | |

State which of these businesses, if any, has ever transacted business with the corporation _____

_____

**Item 8.**        **Businesses Related to Individuals**

List all corporations, partnerships, and other business entities in which the corporation's principal stockholders, board members, or officers (i.e., the individuals listed in Items 4 - 6 above) have an ownership interest.

| Individual's Name | Business Name & Address | Business Activities | % Owned |
| --- | --- | --- | --- |
| | | | |
| | | | |
| | | | |

State which of these businesses, if any, have ever transacted business with the corporation _____

_____

**Item 9.**        **Related Individuals**

List all related individuals with whom the corporation has had any business transactions during the three previous fiscal years and current fiscal year-to-date. A "related individual" is a spouse, sibling, parent, or child of the principal stockholders, board members, and officers (i.e., the individuals listed in Items 4 - 6 above).

| Name and Address | Relationship | Business Activities |
| --- | --- | --- |
| | | |
| | | |
| | | |

Initials _____

**Item 10.**       **Outside Accountants**

List all outside accountants retained by the corporation during the last three years.

| Name | Firm Name | Address | CPA/PA? |
|------|-----------|---------|---------|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**Item 11.**       **Corporation's Recordkeeping**

List all individuals within the corporation with responsibility for keeping the corporation's financial books and records for the last three years.

| Name, Address, & Telephone Number | Position(s) Held |
|-----------------------------------|------------------|
| | |
| | |
| | |
| | |

**Item 12.**       **Attorneys**

List all attorneys retained by the corporation during the last three years.

| Name | Firm Name | Address |
|------|-----------|---------|
| | | |
| | | |
| | | |
| | | |
| | | |

Initials _____

**Item 13.**        **Pending Lawsuits Filed by the Corporation**

List all pending lawsuits that have been filed by the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments or settlements in favor of the corporation in Item 25).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Initials _____

**Item 14.**        **Current Lawsuits Filed Against the Corporation**

List all pending lawsuits that have been filed against the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments, settlements, or orders in Items 26 - 27).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Initials _____

**Item 15.**        **Bankruptcy Information**

List all state insolvency and federal bankruptcy proceedings involving the corporation.

Commencement Date _____ Termination Date _____ Docket No. _____

If State Court: Court & County _____ If Federal Court: District _____

Disposition _____

**Item 16.**        **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by the corporation, or held by others for the benefit of the corporation. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## FINANCIAL INFORMATION

**REMINDER:  When an Item asks for information about assets or liabilities "held by the corporation," include ALL such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.**

**Item 17.**        **Tax Returns**

List all federal and state corporate tax returns filed for the last three complete fiscal years. *Attach copies of all returns.*

| Federal/ State/Both | Tax Year | Tax Due Federal | Tax Paid Federal | Tax Due State | Tax Paid State | Preparer's Name |
|---|---|---|---|---|---|---|
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |

**Item 18.**        **Financial Statements**

List all financial statements that were prepared for the corporation's last three complete fiscal years and for the current fiscal year-to-date. *Attach copies of all statements, providing audited statements if available.*

| Year | Balance Sheet | Profit & Loss Statement | Cash Flow Statement | Changes in Owner's Equity | Audited? |
|------|---------------|-------------------------|---------------------|---------------------------|----------|
|      |               |                         |                     |                           |          |
|      |               |                         |                     |                           |          |
|      |               |                         |                     |                           |          |
|      |               |                         |                     |                           |          |

**Item 19.**        **Financial Summary**

For each of the last three complete fiscal years and for the current fiscal year-to-date for which the corporation has not provided a profit and loss statement in accordance with Item 18 above, provide the following summary financial information.

| | Current Year-to-Date | 1 Year Ago | 2 Years Ago | 3 Years Ago |
|------|------|------|------|------|
| Gross Revenue | $ | $ | $ | $ |
| Expenses | $ | $ | $ | $ |
| Net Profit After Taxes | $ | $ | $ | $ |
| Payables | $ | | | |
| Receivables | $ | | | |

**Item 20.**        **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by the corporation. The term "cash" includes currency and uncashed checks.

Cash on Hand $_____   Cash Held for the Corporation's Benefit $_____

| Name & Address of Financial Institution | Signator(s) on Account | Account No. | Current Balance |
|------------------------------------------|------------------------|-------------|-----------------|
|                                          |                        |             | $               |
|                                          |                        |             | $               |
|                                          |                        |             | $               |
|                                          |                        |             | $               |

Initials _____

**Item 21.**        **Government Obligations and Publicly Traded Securities**

List all U.S. Government obligations, including but not limited to, savings bonds, treasury bills, or treasury notes, held by the corporation.  Also list all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by the corporation.

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

**Item 22.**     **Real Estate**

List all real estate, including leaseholds in excess of five years, held by the corporation.

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

**Item 23.**        **Other Assets**

List all other property, by category, with an estimated value of $2,500 or more, held by the corporation, including but not limited to, inventory, machinery, equipment, furniture, vehicles, customer lists, computer software, patents, and other intellectual property.

| Property Category | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

**Item 24.**        **Trusts and Escrows**

List all persons and other entities holding funds or other assets that are in escrow or in trust for the corporation.

| Trustee or Escrow Agent's Name & Address | Description and Location of Assets | Present Market Value of Assets |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

Initials _____

**Item 25.**       **Monetary Judgments and Settlements Owed To the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed to the corporation.

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____


**Item 26.**       **Monetary Judgments and Settlements Owed By the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed by the corporation.

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date _____ Amount $ _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____

Initials _____

**Item 27.**      **Government Orders and Settlements**

List all existing orders and settlements between the corporation and any federal or state government entities.

Name of Agency _____ Contact Person _____

Address _____ Telephone No. _____ _____

Agreement Date _____ Nature of Agreement _____

**Item 28.**      **Credit Cards**

List all of the corporation's credit cards and store charge accounts and the individuals authorized to use them.

| <u>Name of Credit Card or Store</u> | <u>Names of Authorized Users and Positions Held</u> |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**Item 29.**      **Compensation of Employees**

List all compensation and other benefits received from the corporation by the five most highly compensated employees, independent contractors, and consultants (other than those individuals listed in Items 5 and 6 above), for the two previous fiscal years and current fiscal year-to-date. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, bonuses, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| <u>Name/Position</u> | <u>Current Fiscal Year-to-Date</u> | <u>1 Year Ago</u> | <u>2 Years Ago</u> | <u>Compensation or Type of Benefits</u> |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

Initials _____

**Item 30.**          **Compensation of Board Members and Officers**

List all compensation and other benefits received from the corporation by each person listed in Items 5 and 6, for the current fiscal year-to-date and the two previous fiscal years. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

**Item 31.**          **Transfers of Assets Including Cash and Property**

List all transfers of assets over $2,500 made by the corporation, other than in the ordinary course of business, during the previous three years, by loan, gift, sale, or other transfer.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |

Initials _____

**Item 32.**        **Documents Attached to the Financial Statement**

List all documents that are being submitted with the financial statement.

Item No. Document        Description of Document
    Relates To

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____


      I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court.  I have used my best efforts to obtain the information requested in this statement.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines).  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____          _____
(Date)                                          Signature


                       _____
                       Corporate Position

Initials _____

# ATTACHMENT C

## CONSENT TO RELEASE OF FINANCIAL RECORDS

     I, _____, residing at_____,
in the United States of America, do hereby direct any bank, saving and loan association, credit
union, depository institution, finance company, commercial lending company, credit card
processor, credit card processing entity, automated clearing house, network transaction
processor, bank debit processing entity, brokerage house, escrow agent, money market or mutual
fund, title company, commodity trading company, trustee, or person that holds, controls, or
maintains custody of assets, wherever located, that are owned or controlled by me or at which
there is an account of any kind upon which I am authorized to draw, and its officers, employees,
and agents, to disclose all information and deliver copies of all documents of every nature in it is
possession or control which relate to the said accounts to any attorney or representative of the
Federal Trade Commission, and to give evidence relevant thereto, in the matter of the *Federal
Trade Commission v. Philip Danielson, LLC, et al.,* Civil No. *2:14–cv-00896-GMN-VCF,* before
the United States District Court for the District of Nevada, and this shall be irrevocable authority
for so doing.

     This direction is intended to apply to the laws of countries other than the United States of
America that restrict or prohibit the disclosure of bank or other financial information without the
consent of the holder of the account, or its officers, and shall be construed as consent with
respect thereto, and the same shall apply to any of the accounts for which I may be a relevant
principal.


Dated:        _____, 2014


Name (print):   _____


Signature:      _____