THOMAS J. WIDOR
ADAM M. WESOLOWSKI
Attorneys
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Mailstop CC-10232
Washington, D.C. 20580
Ph: (202) 326-3039 (Widor)
Fax: (202) 326-3768
Email: twidor@ftc.gov; awesolowski@ftc.gov

DANIEL G. BOGDEN
United States Attorney
District of Nevada
BLAINE T. WELSH
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Ph:   (702) 388-6336
Fax: (702) 388-6787
Email: blaine.welsh@usdoj.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 2:14-cv-00896-GMN-VCF |
| Plaintiff, | |
| v. | |
| PHILIP DANIELSON, LLC, *et al.* | |
| Defendants. | |

**ORDER ENTERING STIPULATED PRELIMINARY INJUNCTION**
**AS TO LINDEN FINANCIAL GROUP**

1. THIS MATTER comes before the Court upon the stipulation of Plaintiff, Federal Trade Commission, and Defendant Linden Financial Group, LLC for the entry of a stipulated preliminary injunction order ("Order").

Having considered the Complaint, the stipulation of the parties, and the other filings in this action, the Court finds that:

1. The FTC and Stipulating Defendant have stipulated and agreed to the entry of this preliminary injunction order without any admission of wrongdoing or violation of law, and without a finding by the Court of law or fact other than stated below.

2. Stipulating Defendant waives all rights to seek judicial review or otherwise challenge or contest the validity of its Stipulation hereto or this Order.

3. This Court has jurisdiction over the subject matter of this case, there is good cause to believe it will have jurisdiction over all parties hereto, and venue in this district is proper;

4. The FTC asserts that there is good cause to believe that Stipulating Defendant has engaged in and is likely to engage in acts and practices that violate Section 5(a) of the FTC Act and the MARS Rule, 12 C.F.R. § 1015 and 16 C.F.R. § 322, and that the FTC is therefore likely to prevails on the merits of this action.

5. The FTC asserts that there is good cause to believe that immediate and irreparable damage will result unless Stipulating Defendant is restrained and enjoined by Order of this Court;

6. The entry of this Order is in the public interest; and

7. No security is required of any agency of the United States for the issuance of a Temporary Restraining Order. Fed. R. Civ. P. 65(c).

**DEFINITIONS**

For the purposes of this Order, the following definitions shall apply:

A. **"Assets"** means any legal or equitable interest in, right to, or claim to, any and all real

1

and personal property of Stipulating Defendant, or held for the benefit of Stipulating Defendant, wherever located, whether in the United States or abroad, including but not limited to chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), shares of stock, futures, and all cash and currency, and trusts, including but not limited to any trust held for the benefit of Stipulating Defendant and shall include both existing assets and assets acquired after the date of entry of this Order.

B. **"Assisting others"** includes, but is not limited to:

1. Performing customer service functions, including, but not limited to, receiving or responding to consumer complaints;
2. Formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including, but not limited to, any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;
3. Formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including but not limited to, web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;
4. Providing names of, or assisting in the generation of, potential customers;
5. Performing marketing, billing, or payment services of any kind; and
6. Acting or serving as an owner, officer, director, manager, or principal of any entity.

C. **"Corporate Defendants"** means Philip Danielson, LLC (d/b/a American Mortgage Assistance Center, d/b/a Danielson Law Group, and d/b/a DLG Legal); Foundation

Business Solutions, LLC; emerchant, LLC (d/b/a Full Biz Solutions); Linden Financial Group, LLC; Direct Results Solutions, LLC; Strata G Solutions, LLC; Acutus Law, P.C; and their successors, assigns, affiliates, or subsidiaries, and each of them by whatever names each might be known.

D. **"Defendants"** means all Individual Defendants and Corporate Defendants, individually, collectively, or in any combination, and each of them by whatever names each might be known.

E. **"Document"** and "**Electronically Stored Information**" are synonymous in meaning and equal in scope to the usage of the terms in Rule 34(a) of the Federal Rules of Civil Procedure and include but are not limited to:

1. The original or a true copy of any written, typed, printed, electronically stored, transcribed, taped, recorded, filmed, punched, or graphic matter or other data compilations of any kind, including, but not limited to, letters, email or other correspondence, messages, memoranda, interoffice communications, notes, reports, summaries, manuals, magnetic tapes or discs, tabulations, books, records, checks, invoices, work papers, journals, ledgers, statements, returns, reports, schedules, or files; and

2. Any electronically stored information stored on any server, Blackberrys or any type of mobile device, flash drives, personal digital assistants ("PDAs"), desktop personal computer and workstations, laptops, notebooks, and other portable computers, or other electronic storage media, whether assigned to individuals or in pools of computers available for shared use, or personally owned but used for work-related purposes; backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether stored onsite with the computer used to generate them, stored offsite in another company facility, or stored, hosted, or otherwise

3

|   |   |   |
|---|---|---|
| 1 |   | maintained offsite by a third-party; and computers and related offline storage used |
| 2 |   | by Defendants, Relief Defendant, or Defendants' participating associates, which |
| 3 |   | may include persons who are not employees of the company or who do not work |
| 4 |   | on company premises. |
| 5 | F. | **"Electronic Data Host"** means any person or entity in the business of storing, hosting, or |
| 6 |   | otherwise maintaining electronically stored information. |
| 7 | G. | **"Financial Institution"** means any bank, savings and loan institution, credit union, or |
| 8 |   | any financial depository of any kind, including, but not limited to, any brokerage house, |
| 9 |   | trustee, broker-dealer, escrow agent, title company, commodity trading company, or |
| 10 |   | precious metal dealer. |
| 11 | H. | **"Individual Defendants"** means Philip J. Danielson; Tony D. Norton; Sean J. Coberly; |
| 12 |   | Tanya L. Hawkins; Chad E. VanSickle; Jennifer B. Danielson; and any other names by |
| 13 |   | which they might be known. |
| 14 | I. | **"Mortgage Assistance Relief Product or Service"** means any product, service, plan, or |
| 15 |   | program, offered or provided to the consumer in exchange for consideration, that is |
| 16 |   | represented, expressly or by implication, to assist or attempt to assist the consumer with |
| 17 |   | any of the following: |

   1. stopping, preventing, or postponing any mortgage or deed of trust foreclosure sale for the consumer's dwelling, any repossession of the consumer's dwelling, or otherwise saving the consumer's dwelling from foreclosure or repossession;
   2. negotiating, obtaining, or arranging a modification of any term of a dwelling loan, including a reduction in the amount of interest, principal balance, monthly payments, or fees;
   3. obtaining any forbearance or modification in the timing of payments from any dwelling loan holder or servicer on any dwelling loan;

4

4. negotiating, obtaining, or arranging any extension of the period of time within which the consumer may (i) cure his or her default on a dwelling loan, (ii) reinstate his or her dwelling loan, (iii) redeem a dwelling, or (iv) exercise any right to reinstate a dwelling loan or redeem a dwelling;

5. obtaining any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling; or

6. negotiating, obtaining, or arranging (i) a short sale of a dwelling, (ii) a deed-in-lieu of foreclosure, (iii) or any other disposition of a dwelling other than a sale to a third party that is not the dwelling loan holder. The foregoing shall include any manner of claimed assistance, including, but not limited to, auditing or examining a consumer's mortgage or home loan application and offering to provide or providing legal services, or offering to sell a consumer a plan or subscription to a service that provides such assistance.

J. **"Person"** means any individual, group, unincorporated association, limited or general partnership, corporation or other business entity.

K. **"Relief Defendant"** means April D. Norton and her successors, assigns, affiliates, or subsidiaries, and each of them by whatever names each might be known.

L. **"Stipulating Defendant"** means Linden Financial Group, LLC; individually, collectively or in any combination with any Defendants, and by whatever names it might be known.

**I.
PROHIBITED REPRESENTATIONS**

**IT IS THEREFORE ORDERED** that Stipulating Defendant and its successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any

corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering, for sale or sale of any mortgage assistance relief product or service, is hereby preliminarily restrained and enjoined from falsely representing, or assisting others who are falsely representing, expressly or by implication, any of the following:

A.  that Stipulating Defendant or any other person typically will obtain for consumers mortgage loan modifications that will make consumers' payments substantially more affordable, or will help consumers avoid foreclosure;

B.  that Stipulating Defendant is affiliated with, endorsed or approved by, or otherwise associated with the maker, holder, or servicer of the consumer's dwelling loan;

C.  that the consumer is not obligated to, or should not, make scheduled periodic payments or any other payments pursuant to the terms of the consumer's dwelling loan;

D.  that the consumer will receive a refund in the event Stipulating Defendant does not deliver promised results from their mortgage assistance relief services;

E.  that the consumer will receive legal representation; and

F.  that as a result of a mortgage analysis report provided by Stipulating Defendant, consumers typically will obtain a mortgage loan modification that will make consumers' payments substantially more affordable or will help consumers avoid foreclosure.

## II.
## DISCLOSURES REQUIRED BY AND REPRESENTATIONS PROHIBITED BY THE MARS RULE

**IT IS FURTHER ORDERED** that Stipulating Defendant and its successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the telemarketing, advertising, marketing, promotion, offering for sale or sale of any good or service, is hereby preliminarily restrained and enjoined from

6

engaging in, or assisting others in engaging in, the following conduct:

A. Misrepresenting, expressly or by implication, any material aspect of any mortgage assistance relief service, in violation of 12 C.F.R. § 1015.3(b) & 16 C.F.R. § 322.3(b).

B. Representing, expressly or by implication, in connection with the advertising, marketing, promotion, offering for sale, sale or performance of any mortgage assistance relief service, that a consumer cannot or should not contact or communicate with his lender or servicer, in violation of 12 C.F.R. § 1015.3(a) & 16 C.F.R. § 322.3(a);

C. Failing to make the following disclosure in all general and consumer-specific commercial communications: "[Name of Company]" is not associated with the government, and our service is not approved by the government or your lender," in violation of 12 C.F.R. § 1015.4(a)(1), (a)(3), (b)(2), and (b))(4) & 16 C.F.R. § 322.3(a)(1), (a)(3), (b)(2), and (b)(4);

D. Failing to make the following disclosure in all general and consumer-specific commercial communications: "Even if you accept this offer and use our service, your lender may not agree to change your loan," in violation of 12 C.F.R. § 1015.4(a)(2), (a)(3), (b)(3), and (b)(4) & 16 C.F.R. § 322.4(a)(2), (a)(3), (b)(3) and (b)(4);

E. Failing to make the following disclosure in all consumer-specific commercial communications: "You may stop doing business with us at any time. You may accept or reject the offer of mortgage assistance we obtain from your lender [or servicer]. If you reject the offer, you do not have to pay us. If you accept the offer, you will have to pay us [insert amount or method for calculating the amount] for our services." For the purposes of this subsection, the amount "you will have to pay" shall consist of the total amount the consumer must pay to purchase, receive, and use all of the mortgage assistance relief services that are the subject of the sales offer, including but not limited to, all fees and charges, in violation of 12 C.F.R. § 1015.4(b)(1) and (b)(4) & 16 C.F.R.

7

§ 322.4(b)(1) and (b)(4); and

F. Failing, in all general commercial communications, consumer-specific commercial communications, and other communications in cases where Stipulating Defendant has represented, expressly or by implication, in connection with the advertising, marketing, promotion, offering for sale, or performance of any mortgage assistance relief service, that the consumer should temporarily or permanently discontinue payments, in whole or in part, on a dwelling loan, to place clearly and prominently, and in close proximity to any such representation the following disclosure: "If you stop paying your mortgage, you could lose your home and damage your credit rating," in violation of 12 C.F.R. § 1015.4(c) & 16 C.F.R. § 322.4(c).

## III.
## PROHIBITION AGAINST COLLECTION OF ADVANCE FEES

**IT IS FURTHER ORDERED** that Stipulating Defendant and its successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the telemarketing, advertising, marketing, promotion, offering for sale or sale of any good or service, is hereby preliminarily restrained and enjoined from asking for or receiving payment of any fee or other consideration until a consumer has executed a written agreement between the consumer and the consumer's loan holder or servicer incorporating the offer of mortgage assistance relief obtained on the consumer's behalf.

## IV.
## PRESERVATION OF RECORDS AND TANGIBLE THINGS

**IT IS FURTHER ORDERED** that Stipulating Defendant and its successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal

service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the telemarketing, advertising, marketing, promotion, offering for sale or sale of any good or service, is hereby preliminarily restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents or records that relate to the business practices, or business and personal finances, of Defendants, or an entity directly or indirectly under the control of Defendants.

## V.
## DISABLEMENT OF WEBSITES AND PRESERVATION OF ELECTRONICALLY STORED INFORMATION

**IT IS FURTHER ORDERED** that, to the extent not already done pursuant to the TRO issued in this case, immediately upon service of the Order upon them, (1) any person hosting any Internet website or server for, or on behalf of, Stipulating Defendant, and (2) Stipulating Defendant and its successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, shall:

A.   Immediately take any necessary steps to ensure that any Internet website used by Stipulating Defendant for the advertising, marketing, promotion, offering for sale, sale, or provision of any mortgage assistance relief service, and containing statements or representations prohibited by Sections I-II of this Order cannot be accessed by the public; and

B.   Prevent the alteration, destruction or erasure of any (1) Internet website used by Stipulating Defendant for the advertising, marketing, promotion, offering for sale, sale, or provision of any mortgage assistance relief service, by preserving such websites in the format in which they are maintained currently and (2) any electronically stored

information stored on behalf of Corporate Defendants or entities in active concert or participation with any of them.

## VI.
## SUSPENSION OF INTERNET DOMAIN NAME REGISTRATIONS

**IT IS FURTHER ORDERED** that, to the extent not already done pursuant to the TRO issued in this case, any domain name registrar shall suspend the registration of any Internet website used by Stipulating Defendant for the advertising, marketing, promotion, offering for sale, sale, or provision of any mortgage assistance relief service, and containing statements or representations prohibited by Sections I-II of this Order and provide immediate notice to counsel for the FTC of any other Internet domain names registered by Stipulating Defendant or its officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise.

## VII.
## ASSET FREEZE

**IT IS FURTHER ORDERED** that:

A. Stipulating Defendant and its officers, agents, servants, employees, and attorneys, and all persons or entities directly or indirectly under its control, including any financial institution, and all other persons or entities in active concert or participation with Stipulating Defendant who receive actual notice of this Order by personal service, facsimile, email, or otherwise, each are hereby preliminarily restrained and enjoined from directly or indirectly

   1. Selling, liquidating, assigning, transferring, converting, loaning, hypothecating, disbursing, gifting, conveying, encumbering, pledging, concealing, dissipating, spending, withdrawing, granting a lien or security interest or other interest in, or

10

otherwise disposing of any funds, real or personal property, contracts, consumer lists or other assets or any interest therein, wherever located, including any assets outside the territorial United States that are:

  i. in the actual or constructive possession of Stipulating Defendant;
  ii. owned or controlled by, or held, in whole or in part for the benefit of, or subject to access by, or belonging to, Stipulating Defendant; or
  iii. in the actual or constructive possession of, or owned or controlled by, or subject to access by, or belonging to, any corporation, partnership, trust or other entity directly or indirectly owned, managed, or under the control of Stipulating Defendant;

2. Opening, or causing to be opened, any safe deposit boxes titled in the name of or subject to access by Stipulating Defendant;

3. Incurring charges on any credit card, stored value card, debit card, or charge card issued in the name, singly or jointly, of Stipulating Defendant or any other entity directly or indirectly owned, managed, or controlled by Stipulating Defendant;

4. Obtaining a personal or secured loan;

5. Cashing any checks from consumers, clients, or customers of Stipulating Defendant;

6. Failing to disclose to the FTC, immediately upon service of this Order, information that fully identifies each asset of the Stipulating Defendant, and each entity holding such asset, including, without limitation, the entity's name, address, and telephone number, the number of the account, and the name under which the account is held.

B. Nothing herein shall preclude the Stipulating Defendant from filing future motions or stipulations with the Court for releases of funds for the payment of reasonable and

11

1  necessary living expenses or attorney's fees.  Nothing herein shall preclude the FTC from
2  filing objections to any such future motion for release of funds.

**IT IS FURTHER ORDERED** that the funds, property, and assets affected by this Section VII shall include: (a) all assets of the Stipulating Defendant as of the time this Order is entered, and (b) those assets obtained or received after entry of this Order that are derived from the actions alleged in Plaintiff's Complaint.  This Section VII does not prohibit the Repatriation of Foreign Assets, as specifically required in Section XI of this Order.

## VIII.
### RETENTION OF ASSETS AND DOCUMENTS BY THIRD PARTIES

**IT IS FURTHER ORDERED** that any financial or brokerage institution, business entity, electronic data host, or person served with a copy of this Order that holds, controls, or maintains custody of any account, document, electronically stored information, or asset of, on behalf of, in the name of, for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of Stipulating Defendant, or other party subject to Section VII above or has held, controlled, or maintained any such account, document, electronically stored information, or asset, shall:

A. Hold, preserve, and retain within such entity's or person's control, and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of such account, document, electronically stored information, or asset held by or under such entity's or person's control, except as directed by further order of the Court;

B. To the extent not already done so pursuant to the TRO issued in this case, provide the FTC and the FTC's agents immediate access to electronically stored information stored, hosted, or otherwise maintained on behalf of Stipulating Defendant for forensic imaging;

C. Deny access to any safe deposit boxes that are either titled in the name, individually or

12

1 | jointly, or subject to access by, Stipulating Defendant, or other party subject to Section
2 | VII above; and
3 | D. To the extent not already done so pursuant to the TRO issued in this case, provide to
4 | counsel for the FTC, within one (1) business day, a sworn statement setting forth:
5 |     1. the identification of each account or asset titled in the name, individually
6 |         or jointly, or held on behalf of or for the benefit of, subject to withdrawal
7 |         by, subject to access or use by, or under the signatory power of Stipulating
8 |         Defendant, or other party subject to Section VII above, whether in whole
9 |         or in part;
10 |     2. the balance of each such account, or a description of the nature
11 |         and value of such asset, as of the close of business on the day on
12 |         which this Order is served;
13 |     3. the identification of any safe deposit box that is either titled in the name
14 |         of, individually or jointly, or is otherwise subject to access or control by,
15 |         Stipulating Defendant, or other party subject to Section VII above,
16 |         whether in whole or in part; and
17 |     4. if the account, safe deposit box, or other asset has been closed or removed,
18 |         the date closed or removed, the balance on said date, and the name or the
19 | person or entity to whom such account or other asset was remitted;
20 | E. To the extent not already done so pursuant to the TRO issued in this case, provide
21 | counsel for the FTC, within three (3) business days after being served with a request,
22 | copies of all documents pertaining to such account or asset, including but not limited to:
23 | account statements, account applications, signature cards, checks, deposit tickets,
24 | transfers to and from the accounts, wire transfers, all other debit and credit instruments or
25 | slips, 1099 forms, and safe deposit box logs; and

13

F.   Cooperate with all reasonable requests of the FTC relating to this Order's implementation.

**IT IS FURTHER ORDERED** that the accounts subject to this provision include (a) all assets of each Stipulating Defendant deposited as of the time this Order is entered, and (b) those assets deposited after entry of this Order that are derived from the actions alleged in Plaintiff's Complaint. This Section VIII does not prohibit the Repatriation of Foreign Assets, as specifically required in Section XI of this Order.

**IT IS FURTHER ORDERED** that, in addition to the information and documents required to be produced pursuant to Subsections VIII.D, VIII.E, and Section VII, the FTC is granted leave, pursuant to Fed. R. Civ. P. 45, to subpoena documents immediately from any financial or brokerage institution, business entity, electronic data host, or person served with a copy of this Order that holds, controls, or maintains custody of any account, document, electronically stored information, or asset of, on behalf of, in the name of, for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of Stipulating Defendant, or other party subject to Section VII above, or has held, controlled, or maintained any such account, document, electronically stored information, or asset, and such financial or brokerage institution, business entity, electronic data host or person shall respond to such subpoena within three (3) business days after service.

## IX.
## FINANCIAL STATEMENTS AND ACCOUNTING

**IT IS FURTHER ORDERED** that, to the extent it has not already been done pursuant to the TRO issued in this case, Stipulating Defendant, within three (3) business days of service of this Order, shall prepare and deliver to counsel for the FTC:

A.   A completed financial statement accurate as of the date of service of this Order upon the Stipulating Defendant (unless otherwise agreed upon with FTC counsel) in the form of

1    Attachment A to this Order captioned "Financial Statement of Corporate Defendant."
2  C. A completed statement, verified under oath, of all payments, transfers or assignments of funds, assets, or property worth more than $2,500 in funds or other assets during the previous three years by loan, gift, sale or other transfer. For each person to whom a transfer has been made, state the total amount transferred during that period. Such statement shall include: (a) the transferee's name, address and relationship; (b) the property transferred; (c) the aggregate value; and (d) the transfer date; and (e) the type of transfer.
3  D. Stipulating Defendant shall state its: (1) total gross sales revenues for 2011, 2012, 2013, and 2014 to date; (2) total gross expenses for 2011, 2012, 2013, and 2014 to date; (3) gross operating expenditures on a monthly basis per category for 2011, 2012, 2013, and 2014 to date, including but not limited to payroll, advertising, marketing, utilities, and property leases; and (4) gross capital expenditures for 2011, 2012, 2013, and 2014 to date.
4  E. Stipulating Defendant shall provide a list of all of their officers, directors, and trustees, and all other individuals or entities with authority to direct the operations of Stipulating Defendant or withdraw money from any account of Stipulating Defendant.

## X.
## CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish to the FTC a consumer report concerning Stipulating Defendant.

## XI.
## REPATRIATION OF FOREIGN ASSETS

**IT IS FURTHER ORDERED** that, to the extent it has not already been done pursuant to

15

the TRO issued in this case, within five (5) business days following the service of this Order, Stipulating Defendant shall:

A. Provide counsel for the FTC with a full accounting of all assets, accounts, funds, and documents outside of the territory of the United States that are held either: (1) by Stipulating Defendant; (2) for it benefit; (3) in trust by or for it, individually or jointly; or (4) under its direct or indirect control, individually or jointly;

B. Transfer to the territory of the United States all assets, accounts, funds, and documents in foreign countries held either: (1) by them; (2) for its benefit; (3) in trust by or for it, individually or jointly; or (4) under its direct or indirect control, individually or jointly;

C. All repatriated assets, accounts, funds, and documents are subject to Section VII of this Order; and

D. Provide the FTC access to all records of accounts or assets of the Stipulating Defendant held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order as Attachment B.

## XII.
## NONINTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Stipulating Defendant is hereby preliminarily restrained and enjoined from taking any action, directly or indirectly, that may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by the preceding Section XI of this Order, including, but not limited to:

A. Sending any statement, letter, fax, email or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all assets have been fully repatriated pursuant to Section XI of this Order; or

B. Notifying any trustee, protector, or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all assets have been fully repatriated pursuant to Section XI of this Order.

## XIII.
## PROHIBITION ON RELEASE OF CONSUMER INFORMATION

**IT IS FURTHER ORDERED** that, except as required by a law enforcement agency, law, regulation or court order, Stipulating Defendant, and its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, is preliminarily restrained and enjoined from disclosing, using, or benefitting from consumer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a consumer's account (including a credit card, bank account, or other financial account), of any person which Stipulating Defendant obtained prior to entry of this Order in connection with any mortgage assistance relief product or service.

## XIV.
## MONITORING

**IT IS FURTHER ORDERED** that agents or representatives of the FTC may contact Stipulating Defendant directly or anonymously for the purpose of monitoring compliance with this Order, and may record or preserve any communications that occur in the course of such contacts.

## XV.
## STIPULATING DEFENDANT'S DUTY TO DISTRIBUTE ORDER

**IT IS FURTHER ORDERED** that Stipulating Defendant shall immediately provide a copy of this Order to each affiliate, subsidiary, division, sales entity, successor, assign, officer,

director, employee, independent contractor, client company, electronic data host, agent, attorney, spouse, and representative of Stipulating Defendant and shall, within three (3) calendar days from the date of entry of this Order, provide counsel for the FTC with a sworn statement that: (a) confirms that Stipulating Defendant has provided copies of the Order as required by this Section and (b) lists the names and addresses of each entity or person to whom Stipulating Defendant provided a copy of the Order.  Furthermore, Stipulating Defendant shall not take any action that would encourage officers, agents, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns, or other persons or entities in active concert or participation with Stipulating Defendant to disregard this Order or believe that they are not bound by its provisions.

## XVI.
## CORRESPONDENCE WITH PLAINTIFF

**IT IS FURTHER ORDERED** that, for the purposes of this Order, because mail addressed to the FTC is subject to delay due to heightened security screening, all correspondence and service of pleadings on Plaintiff shall be sent either via email, facsimile, or courier such as Federal Express to:

> Thomas J. Widor, Esq.
> Federal Trade Commission
> 600 Pennsylvania Ave., NW
> Mail Stop CC-10232
> Washington, DC 20580
> twidor@ftc.gov
> (202) 326-3039
> (202) 326-3768 (facsimile)

## XVII.
## SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile, email, personal or overnight delivery, or U.S. Mail, by agents and employees of the FTC or any state or federal law enforcement agency or by private process server, upon any financial institution or other entity or person that may have possession, custody, or control of any

documents or assets of Stipulating Defendant, or that may otherwise be subject to any provision of this Order.  Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

## XVIII.
## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

_____
Gloria M. Navarro, Chief Judge
United States District Court

**DATED:  08/04/2014**