THOMAS J. WIDOR
ADAM M. WESOLOWSKI
Attorneys
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Mailstop CC-10232
Washington, D.C. 20580
Ph: (202) 326-3039 (Widor)
Fax: (202) 326-3768
Email: twidor@ftc.gov; awesolowski@ftc.gov

DANIEL G. BOGDEN
United States Attorney
District of Nevada
BLAINE T. WELSH
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Ph:   (702) 388-6336
Fax: (702) 388-6787
Email: blaine.welsh@usdoj.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                    Plaintiff,<br><br>          v.<br><br>PHILIP DANIELSON, LLC, *et al.*<br><br>                    Defendants. | Case No. 2:14-cv-00896-GMN-VCF |

**STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND
MONETARY RELIEF AS TO DEFENDANTS FOUNDATION BUSINESS
SOLUTIONS, LLC; EMERCHANT, LLC; AND CHAD E. VANSICKLE**

1    Plaintiff, Federal Trade Commission, filed its Complaint for Injunction and Other
2   Equitable Relief on June 9, 2014, pursuant to Sections 13(b) and 19 of the Federal Trade
3   Commission Act ("FTC Act"), 15 U.S.C. § 53(b) and 57(b), and the 2009 Omnibus
4   Appropriations Act, Public Law 111-8, Section 626, 123 Stat. 524, 678 (Mar. 11, 2009)
5   ("Omnibus Act"), as clarified by the Credit Card Accountability Responsibility and Disclosure
6   Act of 2009, Public Law 111-24, Section 511, 123 Stat. 1734, 1763-64 (May 22, 2009) ("Credit
7   Card Act"), and amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act,
8   Public Law 111-203, Section 1097, 124 Stat. 1376, 2102-03 (July 21, 2010) ("Dodd-Frank
9   Act"), 12 U.S.C. § 5538.  The defendants named in the Complaint are Philip Danielson, LLC
10   (d/b/a Danielson Law Group, DLG Legal, and American Mortgage Assistance Center);
11   Foundation Business Solutions, LLC; emerchant, LLC (d/b/a Full Biz Solutions); Direct Results
12   Solutions, LLC; Strata G Solutions, LLC; Linden Financial Group, LLC; Acutus Law, P.C.;
13   Philip J. Danielson; Tony D. Norton; Sean J. Coberly; Tanya L. Hawkins; and Chad E.
14   VanSickle ("Defendants").  The Complaint also names April D. Norton as a relief defendant.
15   The FTC and defendants Foundation Business Solutions, LLC; emerchant, LLC; and Chad E.
16   VanSickle ("Settling Defendants") stipulate to the entry of this Stipulated Final Order for
17   Settlement of Claims ("Order") to resolve all matters in dispute in this action between them.
18    THEREFORE, IT IS ORDERED as follows:
19                                   **FINDINGS**
20    1.    This Court has jurisdiction over this matter.
21    2.    The Complaint charges that Defendants participated in acts or practices in
22   violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Mortgage Assistance Relief
23   Services Rule ("MARS Rule"), 16 C.F.R. § 322, recodified as Mortgage Assistance Relief
24   Services ("Regulation O"), 12 C.F.R. § 1015, in connection with the advertising, marketing,
25   promotion, offering for sale, sale, or performance of mortgage assistance relief services.  The
26   Complaint also charges that the relief defendant obtained funds or other assets from the
27   defendants that can be traced directly to the defendants' deceptive acts or practices, and she has

1    no legitimate claim to those funds.

2         3.    Settling Defendants neither admit nor deny any of the allegations in the

3    Complaint, except as specifically stated in this Order.  Only for purposes of this action, Settling

4    Defendants admit the facts necessary to establish jurisdiction.

5         4.    Settling Defendants waive any claim that they may have under the Equal Access

6    to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of

7    this Order, and agree to bear their own costs and attorney fees.

8         5.    Settling Defendants and the Commission waive all rights to appeal or otherwise

9    challenge or contest the validity of this Order.

**DEFINITIONS**

10

11        For the purposes of this Order, the following definitions shall apply:

12   A.   **"Financial Product or Service"** means any product, service, plan, or program

13        represented, expressly or by implication, to:

14        1.   provide any consumer, arrange for any consumer to receive, or assist any

15             consumer in receiving, a loan or other extension of credit;

16        2.   provide any consumer, arrange for any consumer to receive, or assist any

17             consumer in receiving, credit, debit, or stored value cards;

18        3.   improve, repair, or arrange to improve or repair, any consumer's credit record,

19             credit history, or credit rating; or

20        4.   provide advice or assistance to improve any consumer's credit record, credit

21             history, or credit rating.

22   B.   **"National Do Not Call Registry"** means the National Do Not Call Registry, which is

23        the "do-not-call" registry maintained by the Commission pursuant to 16 C.F.R. §

24        310.4(b)(1)(iii)(B).

25   C.   **"Outbound telephone call"** means a telephone call initiated by a telemarketer to induce

26        the purchase of goods or services or to solicit a charitable contribution.

27   D.   **"Person"** means any individual, group, unincorporated association, limited or general

2

1    partnership, corporation or other business entity.

2    E.    **"Secured or unsecured debt relief product or service"** means:

3        1.  with respect to any mortgage, loan, debt, or obligation between a person and one

4            or more secured or unsecured creditors or debt collectors, any product, service,

5            plan, or program represented, expressly or by implication, to:

6                i.    stop, prevent, or postpone any mortgage or deed of foreclosure sale for a

7                      person's dwelling, any other sale of collateral, any repossession of a

8                      person's dwelling or other collateral, or otherwise save a person's

9                      dwelling or other collateral from foreclosure or repossession;

10              ii.   negotiate, obtain, or arrange a modification, or renegotiate, settle, or in any

11                      way alter any terms of the mortgage, loan, debt, or obligation, including a

12                      reduction in the amount of interest, principal balance, monthly payments,

13                      or fees owed by a person to a secured or unsecured creditor or debt

14                      collector;

15              iii.  obtain any forbearance or modification in the timing of payments from

16                      any secured or unsecured holder or servicer of any mortgage, loan, debt,

17                      or obligation;

18              iv.  negotiate, obtain, or arrange any extension of the period of time within

19                      which a person may (a) cure his or her default on the mortgage, loan, debt,

20                      or obligation, (b) reinstate his or her mortgage, loan, debt, or obligation,

21                      (c) redeem a dwelling or other collateral, or (d) exercise any right to

22                      reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or

23                      other collateral;

24              v.   obtain any waiver of an acceleration clause or balloon payment contained

25                      in any promissory note or contract secured by any dwelling or other

26                      collateral; or

27              vi.  negotiate, obtain, or arrange (a) a short sale of a dwelling or other

1    collateral, (b) a deed-in-lieu of foreclosure, or (c) any other disposition of

2    a mortgage, loan, debt, or obligation other than a sale to a third party that

3    is not the secured or unsecured loan holder.

4    The foregoing shall include any manner of claimed assistance, including auditing

5    or examining a person's application for the mortgage, loan, debt, or obligation.

6    2.   with respect to any loan, debt, or obligation between a person and one or more

7    unsecured creditors or debt collectors, any product, service, plan, or program

8    represented, expressly or by implication, to:

9    i.   repay one or more unsecured loans, debts, or obligations; or

10    ii.   combine unsecured loans, debts, or obligations into one or more new

11    loans, debts, or obligations.

12   F.   **"Seller"** means any person who, in connection with a telemarketing transaction,

13    provides, offers to provide, or arranges for others to provide goods or services to the

14    customer in exchange for consideration whether or not such person is under the

15    jurisdiction of the Commission.

16   G.   **"Settling Corporate Defendants"** means Foundation Business Solutions, LLC;

17    emerchant, LLC; and their successors, assigns, affiliates, or subsidiaries, and each of

18    them by whatever names each might be known.

19   H.   **"Settling Individual Defendant"** means Chad E. VanSickle and any other names by

20    which he might be known.

21   I.   **"Settling Defendant"** means Settling Corporate Defendants and Settling Individual

22    Defendant individually, collectively, or in any combination, and each of them by

23    whatever names each might be known.

24   J.   **"Telemarketer"** means any person who, in connection with telemarketing, initiates or

25    receives telephone calls to or from a customer or donor.

26   K.   **"Telemarketing"** means a plan, program, or campaign which is conducted to induce the

27    purchase of goods or services or a charitable contribution, by use of one or more

4

1  telephones and which involves more than one interstate telephone call.  The term does

2  not include the solicitation of sales through the mailing of a catalog which: contains a

3  written description or illustration of the goods or services offered for sale; includes the

4  business address of the seller; includes multiple pages of written material or illustrations;

5  and has been issued not less frequently than once a year, when the person making the

6  solicitation does not solicit customers by telephone but only receives calls initiated by

7  customers in response to the catalog and during those calls takes orders only without

8  further solicitation.  For purposes of the previous sentence, the term "further solicitation"

9  does not include providing the customer with information about, or attempting to sell,

10  any other item included in the same catalog which prompted the customer's call or in a

11  substantially similar catalog.

## ORDER

**BAN ON SECURED AND UNSECURED DEBT RELIEF PRODUCTS AND SERVICES**

I.   **IT IS ORDERED** that Settling Defendants are permanently restrained and enjoined

from:

   A.   advertising, marketing, promoting, offering for sale, or selling any secured or

unsecured debt relief product or service; and

   B.   assisting others engaged in advertising, marketing, promoting, offering for sale, or

selling any secured or unsecured debt relief product or service.

**PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO FINANCIAL
PRODUCTS AND SERVICES**

II.   **IT IS FURTHER ORDERED** that Settling Defendants, Settling Defendants' officers,

agents, servants, employees, and attorneys, and all other persons or entities in active

concert or participation with any of them, who receive actual notice of this Order,

whether acting directly or indirectly in connection with advertising, marketing,

promoting, offering for sale, or selling any financial product or service, are hereby

permanently restrained and enjoined from misrepresenting or assisting others in

misrepresenting, expressly or by implication, any material fact, including:

    A.   the terms or rates that are available for any loan or other extension of credit, including:

        1.   closing costs or other fees;

        2.   the payment schedule, monthly payment amount(s), any balloon payment, or other payment terms;

        3.   the interest rate(s), annual percentage rate(s), or finance charge(s), and whether they are fixed or adjustable;

        4.   the loan amount, credit amount, draw amount, or outstanding balance; the loan term, draw period, or maturity; or any other term of credit;

        5.   the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

        6.   whether any specified minimum payment amount covers both interest and principal, and whether the credit has or can result in negative amortization; or

        7.   that the credit does not have a prepayment penalty or whether subsequent refinancing may trigger a prepayment penalty and/or other fees.

    B.   the savings associated with the loan or other extension of credit;

    C.   the ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit, including that a consumer's credit record, credit history, credit rating, or ability to obtain credit can be improved by permanently removing current, accurate negative information from the consumer's credit record or history; or

    D.   that a consumer will receive legal representation.

## PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO ANY PRODUCTS OR SERVICES

III.     **IT IS FURTHER ORDERED** that Settling Defendants, Settling Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, offering for sale, or selling any product or service are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including:

A.     any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

B.     that any person is affiliated with, endorsed or approved by, or otherwise connected to any other person; government entity; public, non-profit, or other non-commercial program; or any other program;

C.     the nature, expertise, position, or job title of any person who provides any product or service;

D.     the person who will provide any product or service;

E.     that any person providing a testimonial has purchased, received, or used the product or service;

F.     that the experience represented in a testimonial of the product or service represents the person's actual experience resulting from the use of the product or service under the circumstances depicted in the advertisement;

G.     the total costs to purchase, receive, or use, or the quantity of, the product or service;

H.     any material restriction, limitation, or condition on purchasing, receiving, or using

7

1         the product or service; or

2         I.    any other fact material to consumers concerning any product or service, including

3             any material aspect of the performance, efficacy, nature, or characteristics of the

4             product or service.

5        **SUBSTANTIATION FOR BENEFIT, PERFORMANCE, AND EFFICACY CLAIMS**

6 IV.    **IT IS FURTHER ORDERED** that Settling Defendants, Settling Defendants' officers,

7        agents, servants, employees, and attorneys, and all other persons in active concert or

8        participation with any of them, who receive actual notice of this Order, whether acting

9        directly or indirectly, in connection with the advertising, marketing, promotion, offering

10       for sale, or sale of any financial related product or service are hereby permanently

11       restrained and enjoined from making any representation or assisting others in making any

12       representation, expressly or by implication, about the benefits, performance, or efficacy

13       of any financial related product or service, unless at the time such representation is made,

14       Settling Defendants possess and rely upon competent and reliable evidence that

15       substantiates that the representation is true.

16                       **BAN ON TELEMARKETING**

17 V.    **IT IS FURTHER ORDERED** that Settling Corporate Defendant Foundation Business

18        Solutions, LLC is permanently restrained and enjoined from engaging, whether directly

19        or through an intermediary, in telemarketing.

20       **PROHIBITION AGAINST ABUSIVE TELEMARKETING PRACTICES**

21 VI.    **IT IS FURTHER ORDERED** that, in connection with telemarketing, Settling Corporate

22       Defendant emerchant, LLC; Settling Individual Defendant Chad E. VanSickle; and their

23       officers, agents, servants, employees, and attorneys, and all other persons in active

24       concert or participation with any of them, who receive actual notice of this Order,

25       whether acting directly or indirectly, are hereby permanently restrained and enjoined

26       from engaging in, causing other persons to engage in, and assisting other persons to

27       engage in:

A.   Initiating any outbound telephone call to any person at a telephone number on the National Do Not Call Registry unless the seller proves that:

1.   the seller has obtained the express agreement, in writing, of such person to place calls to that person.  Such written agreement shall clearly evidence such person's authorization that calls made by or on behalf of a specific party may be placed to that person, and shall include the telephone number to which the calls may be placed and the signature of that person; or

2.   the seller has an established business relationship with such person and that person has not previously stated that he or she does not wish to receive outbound telephone calls made by or on behalf of the seller;

B.   Initiating any outbound telephone call to a telephone number within a given area code when the annual fee for access to the telephone numbers within that area code that are on the National Do Not Call Registry has not been paid by or on behalf of the seller on whose behalf the telephone call is made, unless the telephone call is: including:

1.   a solicitation to induce charitable contributions;

2.   to a business; or

3.   on behalf of a seller who initiates, or causes others to initiate, telephone calls solely to (i) persons who have given the seller their express agreement, in writing and signed, to receive calls from that seller, or (ii) persons who have an established business relationship with that seller.

**MONETARY JUDGMENT AND PARTIAL SUSPENSION**

VII.   **IT IS FURTHER ORDERED** that:

A.   Judgment in the amount of TWENTY-EIGHT MILLION SIX HUNDRED THOUSAND DOLLARS ($28,600,000) is entered in favor of the Commission against Settling Defendants jointly and severally, as equitable monetary relief.

B.   Settling Individual Defendant is ordered to pay to the Commission FOUR

9

1    THOUSAND DOLLARS ($4,000). Such payment must be made within ninety

2    (90) days of entry of this Order by electronic fund transfer in accordance with

3    instructions previously provided by a representative of the Commission.

4    C.   In partial satisfaction of the judgment, Settling Corporate Defendants are ordered,

5         as follows:

6         1.   Within ten (10) business days from receipt of a copy of this Order, Bank

7              of the West shall transfer to the FTC or its designated agent all funds held

8              in account #5689 in the name of Foundation Business Solutions, LLC,

9              which was approximately $688.49 as of June 25, 2014;

10        2.   Within ten (10) business days from receipt of a copy of this Order, Bank

11             of the West shall transfer to the FTC or its designated agent all funds held

12             in account #8053 in the name of emerchant, LLC, which was

13             approximately $5,005.00 as of June 25, 2014;

14        3.   Within ten (10) business days from receipt of a copy of this Order,

15             Mountain American Credit Union shall transfer to the FTC or its

16             designated agent all funds held in account #0676 in the name of

17             Foundation Business Solutions, LLC, which was approximately $2,375.00

18             as of June 24, 2014; and

19        4.   Within ten (10) business days from receipt of a copy of this Order,

20             Mountain American Credit Union shall transfer to the FTC or its

21             designated agent all funds held in account #0658 in the name of

22             emerchant, LLC, which was approximately $125.00 as of June 24, 2014.

23        5.   Within ten (10) business days from receipt of a copy of this Order, EVO

24             Payments International shall transfer to the FTC or its designated agent all

25             funds held in accounts #2922 and #5296 in the name of Full Biz Solutions.

26   D.   Upon such payment and all other asset transfers, if any, specified in this Section,

27        the remainder of the judgment is suspended as to Settling Individual Defendant,

subject to the Subsections below.

E.   The Commission's agreement to the suspension of the remainder of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Settling Defendants' sworn financial statements and related documents (collectively, "financial attestations") submitted to the Commission, namely:

1.   the financial statement of Settling Individual Defendant Chad E. VanSickle signed on July 1, 2014, including the attachments;

2.   the financial statement of Settling Corporate Defendant emerchant, LLC signed by Tanya L. Hawkins, on June 25, 2014, and attested to by Settling Individual Defendant as current corporate principal, including the attachments to the financial statement; and

3.   the financial statement of Settling Corporate Defendant Foundation Business Solutions signed by Tony D. Norton, on June 25, 2014, and attested to by Settling Individual Defendant as current corporate principal, including the attachments to the financial statement.

F.   The suspension of the judgment will be lifted as to Settling Individual Defendant if, upon motion by the Commission, the Court finds that Settling Individual Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial attestations identified above.

G.   If the suspension of the judgment is lifted, the judgment becomes immediately due as to Settling Individual Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

H.   Settling Defendants relinquish dominion and all legal and equitable right, title,

1   and interest in all assets transferred pursuant to this Order and may not seek the

2   return of any assets.

I.   The facts alleged in the Complaint will be taken as true, without further proof, in

any subsequent civil litigation by or on behalf of the Commission, including in a

proceeding to enforce its rights to any payment or monetary judgment pursuant to

this Order, such as a nondischargeability complaint in any bankruptcy case.

J.   The facts alleged in the Complaint establish all elements necessary to sustain an

action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy

Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect

for such purposes.

K.   Settling Defendants acknowledge that their Taxpayer Identification Numbers

(Social Security Numbers or Employer Identification Numbers), which Settling

Defendants previously submitted to the Commission, may be used for collecting

and reporting on any delinquent amount arising out of this Order, in accordance

with 31 U.S.C. § 7701.

L.   All money paid to the Commission pursuant to this Order may be deposited into a

fund administered by the Commission or its designee to be used for equitable

relief, including consumer redress and any attendant expenses for the

administration of any redress fund.  If a representative of the Commission decides

that direct redress to consumers is wholly or partially impracticable or money

remains after redress is completed, the Commission may apply any remaining

money for such other equitable relief (including consumer information remedies)

as it determines to be reasonably related to Defendants' practices alleged in the

Complaint.  Any money not used for such equitable relief is to be deposited to the

U.S. Treasury as disgorgement.  Settling Defendants have no right to challenge

any actions the Commission or its representatives may take pursuant to this

Subsection.

12

1

**LIFTING OF ASSET FREEZE**

2   VIII.  **IT IS FURTHER ORDERED** that, upon entry of this Order and the turn over of the

3       funds identified in Section VI, the freeze of Settling Defendants' individual assets shall

4       be dissolved.

5

**CUSTOMER INFORMATION**

6   IX.  **IT IS FURTHER ORDERED** that Settling Defendants and their officers, agents,

7       servants, employees, and attorneys, and those persons or entities in active concert or

8       participation with them who receive actual notice of this Order by personal service or

9       otherwise, whether acting directly or through any corporation, subsidiary, division, or

10       other device, are hereby permanently restrained and enjoined from:

11       A.  failing to provide sufficient customer information to enable the Commission to

12           efficiently administer consumer redress.  Settling Defendants represent that they

13           have provided this redress information to the Commission.  If a representative of

14           the Commission requests in writing any information related to redress, Settling

15           Defendants must provide it, in the form prescribed by the Commission, within 14

16           days.

17       B.  disclosing, using, or benefitting from customer information, including the name,

18           address, telephone number, email address, social security number, other

19           identifying information, or any data that enables access to a customer's account

20           (including a credit card, bank account, or other financial account), that Settling

21           Defendants obtained prior to entry of this Order; and

22       C.  failing to destroy such customer information in all forms in their possession,

23           custody, or control within 30 days after receipt of written direction to do so from a

24           representative of the Commission.

25       Provided, however, that customer information need not be disposed of, and may be

26       disclosed, to the extent requested by a government agency or required by law,

27       regulation, or court order.

**COOPERATION**

X.   **IT IS FURTHER ORDERED** that Settling Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Such Settling Defendants must provide truthful and complete information, evidence, and testimony.  Such Settling Individual Defendant must appear and such Settling Corporate Defendants must cause Settling Defendants' officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

**ORDER ACKNOWLEDGMENTS**

XI.   **IT IS FURTHER ORDERED** that Settling Defendants obtains acknowledgments of receipt of this Order:

    A.   Each Settling Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

    B.   For 10 years after entry of this Order, each Settling Individual Defendant, for any business that such Settling Individual Defendant, individually or collectively with any other Settling Defendants, is the majority owner or controls directly or indirectly, and each Settling Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in connection with the advertising, marketing, promotion, offering for sale, sale, or performance of any financial-related products or services;  and  (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current

1    personnel.  For all others, delivery must occur before they assume their

2    responsibilities.

3    C.   From each individual or entity to which a Settling Defendant delivered a copy of

4    this Order, Settling Defendant must obtain, within 30 days, a signed and dated

5    acknowledgment of receipt of this Order.

6    **COMPLIANCE REPORTING**

7    XII.   **IT IS FURTHER ORDERED** that Settling Defendants make timely submissions to the

8    Commission:

9    A.   One year after entry of this Order, Settling Defendants must submit a compliance

10   report, sworn under penalty of perjury.  Settling Defendants must:

11   1.   Each Settling Defendant must: (a) identify the primary physical, postal,

12   and email address and telephone number, as designated points of contact,

13   which representatives of the Commission and may use to communicate

14   with Settling Defendant; (b) identify all of that Settling Defendant's

15   businesses by all of their names, telephone numbers, and physical, postal,

16   email, and Internet addresses; (c) describe the activities of each business,

17   including the goods and services offered, the means of advertising,

18   marketing, and sales, and the involvement of any other Defendant (which

19   Settling Individual Defendants must describe if they know or should know

20   due to their own involvement); (d) describe in detail whether and how that

21   Settling Defendant is in compliance with each Section of this Order; and

22   (e) provide a copy of each Order Acknowledgment obtained pursuant to

23   this Order, unless previously submitted to the Commission.

24   2.   Additionally, each Settling Individual Defendant must: (a) identify all

25   telephone numbers and all physical, postal, email and Internet addresses,

26   including all residences; (b) identify all business activities, including any

27   business for which such Settling Individual Defendant performs services

15

whether as an employee or otherwise and any entity in which such Settling Individual Defendant has any ownership interest; and (c) describe in detail such Settling Individual Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.  For 20 years after entry of this Order, each Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.  Each Settling Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Settling Corporate Defendant or any entity that Settling Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.  Additionally, each Settling Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Settling Individual Defendant performs services whether as an employee or otherwise and any entity in which such Settling Individual Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.  Each Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Settling Defendant within 14 days of its filing.

D.  Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746,

1   such as by concluding: "I declare under penalty of perjury under the laws of the

2   United States of America that the foregoing is true and correct.  Executed on:

3   _____" and supplying the date, signatory's full name, title (if applicable), and

4   signature.

5   E.   Unless otherwise directed by a Commission representative in writing, all

6   submissions to the Commission pursuant to this Order must be emailed to

7   DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:

8   Associate Director for Enforcement, Bureau of Consumer Protection, Federal

9   Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580.  The

10   subject line must begin:  FTC v. Philip Danielson, LLC, et al., Case No. 2:14-cv-

11   00896-GMN-VCF, X140042.

12   **RECORDKEEPING**

13   XIII.   **IT IS FURTHER ORDERED** that Settling Defendants must create certain records for

14   20 years after entry of the Order, and retain each such record for 5 years.  Specifically,

15   Settling Corporate Defendants and Settling Individual Defendant, for any business that

16   such Settling Defendant, individually or collectively with any other Settling Defendant, is

17   a majority owner or controls directly or indirectly, must create and retain the following

18   records:

19   A.   accounting records showing the revenues from all goods or services sold;

20   B.   personnel records showing, for each person providing services, whether as an

21   employee or otherwise, that person's:  name; addresses; telephone numbers; job

22   title or position; dates of service; and (if applicable) the reason for termination;

23   C.   records of all consumer complaints and refund requests, whether received directly

24   or indirectly, such as through a third party, and any response;

25   D.   all records necessary to demonstrate full compliance with each provision of this

26   Order, including all submissions to the Commission; and

27   E.   a copy of each unique advertisement or other marketing material.

17

**COMPLIANCE MONITORING**

XIV.   **IT IS FURTHER ORDERED** that, for the purpose of monitoring Settling Defendants' compliance with this Order, including the financial attestations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

    A.   Within 14 days of receipt of a written request from a representative of the Commission, each Settling Defendant must submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

    B.   For matters concerning this Order, the Commission is authorized to communicate directly with each Settling Defendant. Settling Defendants must permit representatives of the Commission to interview any employee or other person affiliated with any Settling Defendant who has agreed to such an interview. The person interviewed may have counsel present.

    C.   The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Settling Defendants or any individual or entity affiliated with Settling Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

**ENTRY OF JUDGMENT**

XV.   **IT IS FURTHER ORDERED** that there is no just reason for delay of entry of this judgment, and that, pursuant to Federal Rule of Civil Procedure 54(b), the Clerk immediately shall enter this Order as a final judgment as to Settling Defendants Foundation Business Solutions, LLC; emerchant, LLC; and Chad E. VanSickle.

1

**RETENTION OF JURISDICTION**

2   XVI.   **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for

3   purposes of construction, modification, and enforcement of this Order.

4

5

6                                    **IT IS SO ORDERED.**

7

8

9                                    Gloria M. Navarro, Chief Judge
                                     United States District Court
10

11                                   **DATED:  02/05/2015**

12

13

14

15                        [SIGNATURE PAGE FOLLOWS]

16

17

18

19

20

21

22

23

24

25

26

27

1    SO STIPULATED AND AGREED:

2

3

   THOMAS J. WIDOR               FOUNDATION BUSINESS SOLUTIONS,

4    ADAM M. WESOLOWSKI        LLC

   Federal Trade Commission         By Chad E. VanSickle

5    600 Pennsylvania Avenue NW, CC-10232    *Settling Corporate Defendant*

6    Washington, DC 20580

   Ph: (202) 326-3039 (Widor)

7    Email: twidor@ftc.gov,

   awesolowski@ftc.gov             EMERCHANT, LLC

8    *Attorneys for Plaintiff*           By Chad E. VanSickle

9    *FEDERAL TRADE COMMISSION*    *Settling Corporate Defendant*

10

11                              CHAD E. VANSICKLE

12                              *Settling Individual Defendant*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27