THOMAS J. WIDOR
ADAM M. WESOLOWSKI
Attorneys
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Mailstop CC-10232
Washington, D.C. 20580
Ph: (202) 326-3039 (Widor)
Fax: (202) 326-3768
Email: twidor@ftc.gov; awesolowski@ftc.gov

DANIEL G. BOGDEN
United States Attorney
District of Nevada
BLAINE T. WELSH
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Ph:  (702) 388-6336
Fax: (702) 388-6787
Email: blaine.welsh@usdoj.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PHILIP DANIELSON, LLC, *et al.*<br><br>Defendants. | Case No. 2:14-cv-00896-GMN-VCF |

**STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND MONETARY RELIEF AS TO LINDEN FINANCIAL GROUP, LLC**

Plaintiff, Federal Trade Commission, filed its Complaint for Injunction and Other Equitable Relief on June 9, 2014, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) and 57(b), and the 2009 Omnibus Appropriations Act, Public Law 111-8, Section 626, 123 Stat. 524, 678 (Mar. 11, 2009) ("Omnibus Act"), as clarified by the Credit Card Accountability Responsibility and Disclosure Act of 2009, Public Law 111-24, Section 511, 123 Stat. 1734, 1763-64 (May 22, 2009) ("Credit Card Act"), and amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act, Public Law 111-203, Section 1097, 124 Stat. 1376, 2102-03 (July 21, 2010) ("Dodd-Frank Act"), 12 U.S.C. § 5538. The defendants named in the Complaint are Philip Danielson, LLC (d/b/a Danielson Law Group, DLG Legal, and American Mortgage Assistance Center); Foundation Business Solutions, LLC; emerchant, LLC (d/b/a Full Biz Solutions); Direct Results Solutions, LLC; Strata G Solutions, LLC; Linden Financial Group, LLC; Acutus Law, P.C.; Philip J. Danielson; Tony D. Norton; Sean J. Coberly; Tanya L. Hawkins; and Chad E. VanSickle ("Defendants"). The Complaint also names April D. Norton as a relief defendant. The FTC and defendant Linden Financial Group, LLC ("Settling Defendant") stipulate to the entry of this Stipulated Final Order for Settlement of Claims ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Mortgage Assistance Relief Services Rule ("MARS Rule"), 16 C.F.R. § 322, recodified as Mortgage Assistance Relief Services ("Regulation O"), 12 C.F.R. § 1015, in connection with the advertising, marketing, promotion, offering for sale, sale, or performance of mortgage assistance relief services. The Complaint also charges that the relief defendant obtained funds or other assets from the defendants that can be traced directly to the defendants' deceptive acts or practices, and she has

1

no legitimate claim to those funds.

3. Settling Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Settling Defendant admits the facts necessary to establish jurisdiction.

4. Settling Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

5. Settling Defendant and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

A. **"Financial Product or Service"** means any product, service, plan, or program represented, expressly or by implication, to:
  1. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit;
  2. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;
  3. improve, repair, or arrange to improve or repair, any consumer's credit record, credit history, or credit rating; or
  4. provide advice or assistance to improve any consumer's credit record, credit history, or credit rating.

B. **"National Do Not Call Registry"** means the National Do Not Call Registry, which is the "do-not-call" registry maintained by the Commission pursuant to 16 C.F.R. § 310.4(b)(1)(iii)(B).

C. **"Outbound telephone call"** means a telephone call initiated by a telemarketer to induce the purchase of goods or services or to solicit a charitable contribution.

D. **"Person"** means any individual, group, unincorporated association, limited or general

partnership, corporation or other business entity.

E. **"Secured or unsecured debt relief product or service"** means:

1. with respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

    i. stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession;

    ii. negotiate, obtain, or arrange a modification, or renegotiate, settle, or in any way alter any terms of the mortgage, loan, debt, or obligation, including a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector;

    iii. obtain any forbearance or modification in the timing of payments from any secured or unsecured holder or servicer of any mortgage, loan, debt, or obligation;

    iv. negotiate, obtain, or arrange any extension of the period of time within which a person may (a) cure his or her default on the mortgage, loan, debt, or obligation, (b) reinstate his or her mortgage, loan, debt, or obligation, (c) redeem a dwelling or other collateral, or (d) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral;

    v. obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or

    vi. negotiate, obtain, or arrange (a) a short sale of a dwelling or other

collateral, (b) a deed-in-lieu of foreclosure, or (c) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder.

The foregoing shall include any manner of claimed assistance, including auditing or examining a person's application for the mortgage, loan, debt, or obligation.

2. with respect to any loan, debt, or obligation between a person and one or more unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

   i. repay one or more unsecured loans, debts, or obligations; or;

   ii. combine unsecured loans, debts, or obligations into one or more new loans, debts, or obligations.

F. **"Seller"** means any person who, in connection with a telemarketing transaction, provides, offers to provide, or arranges for others to provide goods or services to the customer in exchange for consideration whether or not such person is under the jurisdiction of the Commission.

G. **"Settling Defendant"** means Linden Financial Group, LLC; and its successors, assigns, affiliates, or subsidiaries, by whatever names it might be known.

H. **"Telemarketer"** means any person who, in connection with telemarketing, initiates or receives telephone calls to or from a customer or donor.

I. **"Telemarketing"** means a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call.

## ORDER

### BAN ON SECURED AND UNSECURED DEBT RELIEF PRODUCTS AND SERVICES

I. **IT IS ORDERED** that Settling Defendant is permanently restrained and enjoined from:

   A. advertising, marketing, promoting, offering for sale, or selling any secured or

4

unsecured debt relief product or service; and

B. assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any secured or unsecured debt relief product or service.

**PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO FINANCIAL PRODUCTS AND SERVICES**

II. **IT IS FURTHER ORDERED** that Settling Defendant, Settling Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly in connection with advertising, marketing, promoting, offering for sale, or selling any financial product or service, are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including:

A. the terms or rates that are available for any loan or other extension of credit, including:
   1. closing costs or other fees;
   2. the payment schedule, monthly payment amount(s), any balloon payment, or other payment terms;
   3. the interest rate(s), annual percentage rate(s), or finance charge(s), and whether they are fixed or adjustable;
   4. the loan amount, credit amount, draw amount, or outstanding balance; the loan term, draw period, or maturity; or any other term of credit;
   5. the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;
   6. whether any specified minimum payment amount covers both interest and principal, and whether the credit has or can result in negative amortization; or

      7.   that the credit does not have a prepayment penalty or whether subsequent refinancing may trigger a prepayment penalty and/or other fees.

B.   the savings associated with the loan or other extension of credit;

C.   the ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit, including that a consumer's credit record, credit history, credit rating, or ability to obtain credit can be improved by permanently removing current, accurate negative information from the consumer's credit record or history; or

D.   that a consumer will receive legal representation.

## PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO ANY PRODUCTS OR SERVICES

III.   **IT IS FURTHER ORDERED** that Settling Defendant, Settling Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, offering for sale, or selling any product or service are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including:

A.   any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

B.   that any person is affiliated with, endorsed or approved by, or otherwise connected to any other person; government entity; public, non-profit, or other non-commercial program; or any other program;

C.   the nature, expertise, position, or job title of any person who provides any product or service;

6

D. the person who will provide any product or service;

E. that any person providing a testimonial has purchased, received, or used the product or service;

F. that the experience represented in a testimonial of the product or service represents the person's actual experience resulting from the use of the product or service under the circumstances depicted in the advertisement;

G. the total costs to purchase, receive, or use, or the quantity of, the product or service;

H. any material restriction, limitation, or condition on purchasing, receiving, or using the product or service; or

I. any other fact material to consumers concerning any product or service, including any material aspect of the performance, efficacy, nature, or characteristics of the product or service.

**SUBSTANTIATION FOR BENEFIT, PERFORMANCE, AND EFFICACY CLAIMS**

IV. **IT IS FURTHER ORDERED** that Settling Defendant, Settling Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, or sale of any financial related product or service are hereby permanently restrained and enjoined from making any representation or assisting others in making any representation, expressly or by implication, about the benefits, performance, or efficacy of any financial related product or service, unless at the time such representation is made, Settling Defendant possesses and relies upon competent and reliable evidence that substantiates that the representation is true.

**PROHIBITION AGAINST ABUSIVE TELEMARKETING PRACTICES**

V. **IT IS FURTHER ORDERED** that, in connection with telemarketing, Settling Defendant, Settling Defendant's officers, agents, employees, and attorneys, and all other

persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby permanently restrained and enjoined from engaging in, causing other persons to engage in, and assisting other persons to engage in,:

    A. Initiating any outbound telephone call to any person at a telephone number on the National Do Not Call Registry unless the seller proves that:

        1. the seller has obtained the express agreement, in writing, of such person to place calls to that person. Such written agreement shall clearly evidence such person's authorization that calls made by or on behalf of a specific party may be placed to that person, and shall include the telephone number to which the calls may be placed and the signature of that person; or

        2. the seller has an established business relationship with such person and that person has not previously stated that he or she does not wish to receive outbound telephone calls made by or on behalf of the seller;

    B. Initiating any outbound telephone call to a telephone number within a given area code when the annual fee for access to the telephone numbers within that area code that are on the National Do Not Call Registry has not been paid by or on behalf of the seller on whose behalf the telephone call is made, unless the telephone call is:

        1. a solicitation to induce charitable contributions;

        2. to a business; or

        3. on behalf of a seller who initiates, or causes others to initiate, telephone calls solely to (i) persons who have given the seller their express agreement, in writing and signed, to receive calls from that seller, or (ii) persons who have an established business relationship with that seller.

## MONETARY JUDGMENT

VI. **IT IS FURTHER ORDERED** that:

    A. Judgment in the amount of TWENTY-EIGHT MILLION SIX HUNDRED THOUSAND DOLLARS ($28,600,000) is entered in favor of the Commission against Settling Defendant as equitable monetary relief.

    B. In partial satisfaction of the judgment, Settling Defendant is ordered, as follows:

        1. Within ten (10) business days from receipt of a copy of this Order, Wells Fargo shall transfer to the FTC or its designated agent all funds, if any, held in account #3971 in the name of Linden Financial Group, LLC and all funds, if any, held in account #5078 in the name of Linden Financial Group, LLC;

        2. Within ten (10) business days from receipt of a copy of this Order, Chesapeake Bank shall transfer to the FTC or its designated agent all funds, if any, held in account #5697 in the name of Linden Financial Group, LLC.

    C. Settling Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

    D. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

    E. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

    F. Settling Defendant acknowledges that its Taxpayer Identification Numbers

9

(Social Security Numbers or Employer Identification Numbers), which Settling Defendant previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

G. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Settling Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

**LIFTING OF ASSET FREEZE**

VII. **IT IS FURTHER ORDERED** that, upon entry of this Order and the turn over of the funds identified in Section VI, the freeze of Settling Defendant's individual assets shall be dissolved.

**CUSTOMER INFORMATION**

VIII. **IT IS FURTHER ORDERED** that Settling Defendant and its officers, agents, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined from:

A. failing to provide sufficient customer information to enable the Commission to

10

efficiently administer consumer redress. Settling Defendant represents that it has provided this redress information to the Commission. If a representative of the Commission requests in writing any information related to redress, Settling Defendant must provide it, in the form prescribed by the Commission, within 14 days.

B. disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that Settling Defendant obtained prior to entry of this Order; and

C. failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

*Provided*, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## COOPERATION

IX. **IT IS FURTHER ORDERED** that Settling Defendant must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Settling Defendant must provide truthful and complete information, evidence, and testimony. Settling Defendant must cause Settling Defendant's officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## ORDER ACKNOWLEDGMENTS

X. **IT IS FURTHER ORDERED** that Settling Defendant obtain acknowledgments of receipt of this Order:

  A. Settling Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

  B. For 10 years after entry of this Order, Settling Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in connection with the advertising, marketing, promotion, offering for sale, sale, or performance of any financial-related products or services; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

  C. From each individual or entity to which Settling Defendant delivered a copy of this Order, Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## COMPLIANCE REPORTING

XI. **IT IS FURTHER ORDERED** that Settling Defendant make timely submissions to the Commission:

  A. One year after entry of this Order, Settling Defendant must submit a compliance report, sworn under penalty of perjury. Settling Defendant must:

    1. identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and may use to communicate with Settling Defendant;

    2. identify all of that Settling Defendant's businesses by all of their names,

telephone numbers, and physical, postal, email, and Internet addresses;

    3. describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant;

    4. describe in detail whether and how that Settling Defendant is in compliance with each Section of this Order; and

    5. provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B. For 20 years after entry of this Order, Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

    1. any designated point of contact; or

    2. the structure of Settling Defendant or any entity that Settling Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Settling Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: \_\_\_\_\_" and supplying the date, signatory's full name, title (if applicable), and signature.

E.  Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Philip Danielson, LLC, et al., Case No. 2:14-cv-00896-GMN-VCF, X140042.

## RECORDKEEPING

XII. **IT IS FURTHER ORDERED** that Settling Defendant must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Settling Defendant must create and retain the following records:

A.  accounting records showing the revenues from all goods or services sold;

B.  personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.  records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.  all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.  a copy of each unique advertisement or other marketing material.

## COMPLIANCE MONITORING

XIII. **IT IS FURTHER ORDERED** that, for the purpose of monitoring Settling Defendant's compliance with this Order, including any failure to transfer any assets as required by this Order:

A.  Within 14 days of receipt of a written request from a representative of the Commission, Settling Defendant must submit additional compliance reports or other requested information, which must be sworn under penalty of perjury;

14

appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with Settling Defendant. Settling Defendant must permit representatives of the Commission to interview any employee or other person affiliated with Settling Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Settling Defendant or any individual or entity affiliated with Settling Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

**ENTRY OF JUDGMENT**

XIV. **IT IS FURTHER ORDERED** that there is no just reason for delay of entry of this judgment, and that, pursuant to Federal Rule of Civil Procedure 54(b), the Clerk immediately shall enter this Order as a final judgment as to Settling Defendant Linden Financial Group, LLC.

///

///

///

///

///

## RETENTION OF JURISDICTION

XV. **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

_____
Gloria M. Navarro, Chief Judge
United States District Court

**DATED: 04/01/2015**

SO STIPULATED AND AGREED:

_____
THOMAS J. WIDOR
ADAM M. WESOLOWSKI
Federal Trade Commission
600 Pennsylvania Avenue NW, CC-10232
Washington, DC 20580
Ph: (202) 326-3039 (Widor)
Email: twidor@ftc.gov,
awesolowski@ftc.gov
*Attorneys for Plaintiff*
FEDERAL TRADE COMMISSION

_____
LINDEN FINANCIAL GROUP, LLC
By: Philip J. Danielson
*Settling Corporate Defendant*